**Louis M. ROSNICK**

v.

**The UNITED STATES.**

No. 193–54.

United States Court of Claims.

April 5, 1955.

Seymour Guthman, Washington, D. C., for plaintiff. Alexander A. Fleischfarb, Washington, D. C., and Elmer Gertz, Chicago, Ill., were on the brief.

Kathryn H. Baldwin, Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

The plaintiff, a former officer in the Army of the United States, sues for disability retirement pay from May 26, 1946, at which time he was relieved from active duty by reason of physical disability which was found not to have been an incident of the service.

For the purposes of this motion the essential facts as shown by the pleadings are as follows:

Plaintiff was called to active duty in the Army of the United States on July 25, 1942. After a physical examination and admission to a hospital he, on November 14, 1945, while at the Fitzsimons General Hospital, Denver, Colorado, appeared before an Army Retiring Board. This board found that he was permanently incapacitated for active service by reason of bronchitis, chronic, catarrhal, moderately severe, cause undetermined. The board further found that he became incapacitated for active service on September 13, 1945; that the cause of the incapacity was not an incident of the service; that his disabilities were not aggravated by such service; that the defect had originated some time prior to July 25, 1942. Thereafter, on April 6, 1946, plaintiff was placed on terminal leave and was relieved from active duty on May 26, 1946, by reason of physical disability. He received no retirement pay because of the finding by the Army Retiring Board that the cause of his incapacity existed prior to his entry on active duty. In the meantime, the Veterans Administration had granted plaintiff 30 percent compensation for service-connected disability.

On April 23, 1947, the plaintiff appealed to the Army Disability Review Board for a review of the findings of the Army Retiring Board. In the appeal he alleged that the Army Retiring Board erroneously found that his disabilities were not an incident of his military serv-

ice. The Army Disability Review Board on October 13, 1947, affirmed the findings of the Army Retiring Board.

On April 8, 1952, plaintiff requested reconsideration of his case before the Army Disability Review Board, which ruled that since the plaintiff had not presented new, pertinent and material evidence bearing on the case, he was not entitled to a rehearing, and the request was denied. The plaintiff on June 23, 1952, filed an appeal with the Army Board for Correction of Military Records. At the request of that board plaintiff was admitted to the Percy Jones Army Hospital on August 23, 1953, for the purpose of a medical evaluation to determine his eligibility for retirement compensation as of the 26th of May, 1946, the date of his release from active duty. The plaintiff appeared before the Army Medical Board and was found to have the following disabilities: asthma, bronchial, perennial, allergin undetermined, severe. The board also found that plaintiff's disabilities were in fact aggravated by his military service.

Thereafter, on October 7, 1953, plaintiff appeared before a Physical Evaluation Board at Fort Sheridan, Illinois, and that board found him to be physically unfit to perform his military duties by reason of physical disabilities which existed prior to his term of service.

On January 13, 1954, a hearing in the instant case was held before an Army Board for Correction of Military Records. On February 18, 1954, under the signature of the Secretary of the Department of the Army, a ruling was made denying petitioner's application for correction of his military record.

Defendant moves the court to dismiss plaintiff's petition on the ground that the court has no jurisdiction, since it appears on the face of plaintiff's petition that the claim is barred by the statute of limitations.

In all the circumstances of this case we think the motion should be granted. The Army Retiring Board before which plaintiff appeared on December 12, 1945, found that his incapacity for military service was not an incident of service and that it was not aggravated by military service, but that the date of origin or inception of the defect was some time prior to July 25, 1942. As a result of the approval of these findings by the Secretary of War, plaintiff was relieved from active duty on May 26, 1946, without retirement pay. It was on that date that plaintiff's claim first accrued within the meaning of 28 U.S.C. § 2501, since at that time all events had occurred which fixed the liability, if any, of the United States to plaintiff.

Plaintiff contested the propriety of the Retiring Board's findings by appeals to the Disability Review Board and the Board for Correction of Military Records, neither of which made any alteration in or modification of the findings of the Retiring Board. It is difficult to see how a cause of action could arise or be renewed by adverse findings, all of which were based on conditions that existed more than six years prior to the action which was alleged as a basis for the new cause of action. The complaint finally rests upon the error, if any, of the Army Retiring Board made on December 12, 1945. Group v. United States, 125 Ct. Cl. 135; Thomas v. United States, 125 Ct.Cl. 76.

Both parties cite the case of Uhley v. United States, 128 Ct.Cl. 608. That case, however, is inapplicable in view of the fact that, as pointed out by the court, plaintiff's first opportunity to have his eligibility for retirement determined was by application to the Correction Board after October 25, 1951. Further, in that case the plaintiff was injured on January 22, 1945, during his fifth flight mission and while escorting bombers over Germany, when his engine caught fire and exploded and he was forced to bail out at an altitude of approximately 8,000 feet. After striking the ground he lay unconscious for a period of about 28 hours, when he was taken a prisoner of war and remained in that status until

liberated on April 17, 1945. There was no question, therefore, about his injury being service connected. He was ruled out at first on the ground that his injuries were not sufficient to justify retirement. Later, however, the Veterans Administration gave him a 60 percent disability rating and a little later it became apparent that he was entitled to be considered for retirement because of permanent disability. He was preparing to file an application for a hearing before a retiring board when he was informed that under a ruling of the Comptroller General a retiring board would have no jurisdiction to entertain such an application because plaintiff had been released not for physical disability. His case had never been acted upon by a retiring board and the entire record shows a distinct injustice.

In the instant case there was adverse action by the retiring board and by every board to which it was later appealed. In fact, after the Disability Review Board on October 13, 1947, had affirmed the adverse action of the retiring board, plaintiff took no further steps for a period of nearly five years until his request for reconsideration by that board on April 8, 1952. The Board for Correction of Military Records to which plaintiff filed an appeal on June 23, 1952, requested that the petitioner be admitted to the Percy Jones Army Hospital for the purpose of a medical evaluation. The examining board of that hospital found that plaintiff's condition had been aggravated by his military service, but the Physical Evaluation Board at Fort Sheridan, Illinois, before which petitioner appeared October 7, 1953, while finding him physically unfit to perform military duties, found that such disability existed prior to his term of service.

On January 13, 1954, a hearing in the instant case was held before the Army Board for Correction of Military Records and on February 18, 1954, under the signature of the Secretary of the Department of the Army, a ruling was made denying petitioner's application for the correction of his military record. Thus the action of all these boards was finally adverse. Many of these boards had members who were medical officers. The Army Board for Correction of Military Records declined to accept the findings of the Army medical officers made in September 1953, seven years after the adverse action of the Army Retiring Board, as being insufficient to justify the setting aside of the adverse proceedings of the various boards back to May 26, 1946.

We have no doubt that in certain cases in which a manifest injustice has been done the action of the Army Board for Correction of Military Records might serve as a basis for a court to correct such an injustice. We cannot see how, on the basis of the facts as disclosed by the pleadings, there could be any claim here of arbitrary or capricious action on the part of the Board for Correction of Military Records. Gordon v. United States, 129 Ct.Cl. 270. Clearly in this case the condition dates back to at least as early as May 26, 1946. There seems to be no basis for a court to undertake to bridge the gap of several years, to substitute its judgment for the adverse action of the various boards and medical officers, and to set aside not only the findings of these boards but the action of the Secretary of the Department of the Army, and revitalize a case that is otherwise barred.

For the reasons stated the defendant's motion is granted and the petition is dismissed.

LARAMORE, Judge; MADDEN, Judge; WHITAKER, Judge; and LITTLETON, Judge, concur.