Louis M. ROSNICK

v.

The UNITED STATES.

No. 193–54.

United States Court of Claims.
July 12, 1955.

Seymour Guthman, Washington, D. C., for the plaintiff. Alexander A. Fleischfarb, Washington, D. C., and Elmer Gertz, Chicago, Ill., were on the brief.

Kathryn H. Baldwin, Washington, D. C., with whom was Asst. Atty. Gen., Warren E. Burger, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

On April 5, 1955, the court rendered an opinion granting defendant's motion to dismiss plaintiff's petition. Plaintiff has now moved for a rehearing, contending, *inter alia*, that the court erred as a matter of law in failing to view the petition in the light most favorable to plaintiff. He now asks that at the very least the dismissal should be without prejudice with leave to amend his petition to restate his cause of action.

Although plaintiff's petition was filed prior to this court's decision in Uhley v. United States, 121 F.Supp. 674, 128 Ct. Cl. 608, and never amended, plaintiff briefed his case under the theory of recovery advanced in that decision. Our opinion of April 5 held the Uhley case to be inapplicable and dismissed the petition because the alleged cause of action accrued as far back as 1946 and was therefore barred by the statute of limitations.

It was further pointed out that the facts as disclosed by the petition negated any possible claim of arbitrary action on the part of the Correction Board. Nor has plaintiff in his present motion supplied anything further which would cure this defect. In these circumstances a mere allegation of arbitrary or capricious action is not in itself sufficient. Oro Fino Consolidated Mines, Inc., v. United States, 92 F.Supp. 1016, 118 Ct. Cls. 18, certiorari denied, 341 U.S. 948, 71 S.Ct. 1015, 95 L.Ed. 1371.

Plaintiff's motion for rehearing is denied.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, JJ., concur.