**Harry N. DUFF**

v.

**The UNITED STATES.**

No. 194–55.

United States Court of Claims.

Nov. 8, 1955.

George C. Dreos, Washington, D. C., for plaintiff.

John R. Franklin, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff in his petition alleges that on the day following his commission, when reporting for duty, as a second lieutenant in the Army of the United States, he sustained an injury to his back, and that this injury was aggravated by his Army training, and further by a kick in the back by a prisoner of war, when he was on duty at a Prisoner of War Camp.

On October 23, 1945, plaintiff appeared before an Army Retiring Board, which had been convened to determine plaintiff's eligibility for retirement for physical disability. This board found that plaintiff's injury permanently incapacitated him from active service and that it was incurred in line of duty.

The Surgeon General recommended that the case be returned to the board for further consideration, since he did not concur in its finding that plaintiff's incapacity was an incident of his service.

On April 2, 1946, the Retiring Board reaffirmed its former finding, but the Surgeon General again recommended disapproval, and subsequently the Secretary of War concurred and formally disapproved the findings of the board that

the plaintiff's incapacity had been incurred in line of duty. Plaintiff was released from active duty but denied retired pay.

Plaintiff requested a review by the Army Disability Review Board, but this board held, on September 28, 1949, that plaintiff was not entitled to a rehearing.

On February 8, 1954, plaintiff requested a review of his case by the Army Board for Correction of Military Records, but this board on January 7, 1955, denied the request for review.

██ This case is quite similar to the case of Girault v. United States, Ct. Cl., 135 F.Supp. 521. The only difference is that in the Girault case the plaintiff did not request a review by the Board for Correction of Military Records, whereas in the case at bar such a request was made. But this is a distinction without a difference. As we held in the Girault case, a review by the Army's Disability Review Board, or by the Board for Correction of Military Records, is not a prerequisite to the bringing of suit in this court. Under the Act setting up both of these boards, the plaintiff may or may not request a review by either or both of them, but in the absence of such a request, the action of the Secretary of War on the Retiring Board's findings is final and conclusive, unless arbitrary, or capricious, or plainly contrary to law. If arbitrary, plaintiff has a right to come into court as soon as an arbitrary decision is rendered. Before doing so, it is not necessary for him to request a review by the Disability Review Board or by the Board for Correction of Military Records.

The decision of the Secretary of War, holding that the plaintiff's disability was not an incident of the service, was entered on June 27, 1946. Plaintiff's petition was filed on May 23, 1955, more than nine years later.

Plaintiff's petition is, therefore, barred by the statute of limitations. Cf. Rosnick v. United States, 129 F.Supp. 958, 132 Ct.Cl. 1.

Defendant's motion is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.