Courtney J. ODELL, also known as Casimir J. Odrovonz

v.

The UNITED STATES.

No. 145–55.

United States Court of Claims.

Nov. 8, 1955.

**540**

James K. Foley, Washington, D. C., for plaintiff. Edgar A. Wren and Gardiner, Wren & Gardiner, Washington, D. C., were on the briefs.

Kathryn H. Baldwin, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, JJ.

MADDEN, Judge.

The Government has made a motion to dismiss the plaintiff's petition, asserting that the petition shows on its face that the claim asserted in it is barred by the Statute of Limitations, 28 U.S.C. § 2501.

The plaintiff sues for retired pay to which he says he is entitled because of a disability incurred by him in military service. He entered on active duty in 1941 as a lieutenant colonel. On February 8, 1946, he appeared before an Army Disposition Board which found that he had a duodenal peptic ulcer which existed prior to his entry on active duty, but which was permanently aggravated by his military service. On March 7, 1946, he appeared before an Army Retiring Board which found that he had a duodenal peptic ulcer, that it was service incurred, and aggravated by service.

The Surgeon General of the Army did not agree with the findings of the Retiring Board and in April 1946 he directed the board to reconvene, indicating to it what it might well find. The reconvened board then found that the plaintiff's ulcer existed prior to his entrance on active duty, and was not aggravated by his military service. On June 24, 1946, these findings were approved by the Secretary of War.

The plaintiff was on June 16, 1946, released from active duty by reason of physical disability, but he, of course, received no retired pay. At some later date not stated in the petition he appealed to an Army Disability Review Board, which affirmed the findings of the Army Retiring Board adverse to the plaintiff. This affirmation was accepted by the Secretary of the Army on May 16, 1949.

The plaintiff filed his petition in this court on April 4, 1955, which was within six years after the last date mentioned above, but was almost nine years after he had been released from the Army without retired pay. He alleges that the reaffirmance by the Secretary of the Army on May 16, 1949, of the findings of the Review Board was wrongful, arbitrary, and capricious because there was no substantial evidence that the plaintiff had the ulcer before he entered military service, and no substantial evidence to overcome the presumption that his ulcer had been aggravated by his military service.

The Government, as we have said, moves to dismiss on the ground of the Statute of Limitations. It says that what the plaintiff is really suing for is his release from the Army without retired pay, and that that occurred on June 16, 1946, almost nine years before he filed the instant suit.

The plaintiff urges that the doctrine of exhaustion of administrative remedies

prevented him from suing before May 16, 1949, the day on which the Secretary of the Army approved the findings, adverse to the plaintiff, of the Disability Review Board; that his cause of action in court could not, therefore, have accrued before that date; and that his suit filed less than six years after that date is timely.

▇ The Supreme Court of the United States has repeatedly held that one must first exhaust his administrative remedies in order to maintain a suit in court. A recent case is Gusik v. Schilder, 340 U.S. 128, 131, 132, 71 S.Ct. 149, 95 L.Ed. 146. And in United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917, the Court held that even though Congress has not made the exhaustion of administrative remedies a condition of the right to sue in court, still, if Congress has made available an administrative remedy, one must exhaust it before he can resort to the courts.

Our attention has not been called to any case in which the Supreme Court was required to determine whether a Statute of Limitations was tolled during the time consumed in the exhaustion of administrative remedies.

▇ This court has held that the Statute of Limitations is not tolled when Congress has not made the exhaustion of administrative remedies a condition precedent to suit. Mistretta v. United States, 120 F.Supp. 264, 128 Ct.Cl. 41, 45; Rosnick v. United States, Ct.Cl., 129 F.Supp. 958, 132 F.Supp. 478.

▇ The plaintiff urges that it is incongruous to say that the Statute of Limitations is running against a claimant during the time when, if he did file his suit in court, the Government would urge dismissal on the ground that his suit was premature because he had not exhausted his administrative remedies. There is no easy answer to this argument of the plaintiff. The Government is right in saying that the real basis of the plaintiff's suit is his release from the Army in June 1946 without retired

pay. If we were to accept the plaintiff's contention in these retired pay cases, there would be practically no limit on the time within which suit might be brought. Congress in 38 U.S.C.A. § 693i authorized the Secretary of the Army to set up a Disability Review Board, and provided that cases might be presented to it at any time within 15 years after decision by the Secretary adverse to the officer. This generous right of appeal within the Army itself was, apparently, justified to Congress. But we think that Congress did not, by this provision, intend that cases might be brought in this court 21 years after the pertinent facts had occurred. If we accept the plaintiff's contention, an officer who claims to have been illegally or arbitrarily released without retired pay can, in effect, pick his own time within 15 years to take the next administrative step, and then, just short of six years thereafter, present this ancient controversy to this court. It may be urged that this court could apply a doctrine of *laches* to bar such a suit. But the principal basis upon which the doctrine has been applied in pay cases would be lacking. In active pay cases the employee by delaying his suit permits the Government to incur the expense of another employee in his place, so that if he is allowed to recover his pay, the Government has paid twice. In a retired pay case, if the officer ultimately recovers, the Government has lost nothing because of his delay.

The doctrine which this court has applied in the past does not really entail any hardship on claimants. Ordinarily, six years is ample time within which to exhaust one's administrative remedy and file his suit in this court. If a case arises in which a claimant's time is running short, this court would, upon a proper showing, not dismiss his suit filed here, but suspend action on it until his administrative appeal had been decided. When a claimant has already engaged in litigation before administrative tribunals, he doesn't need six years in which to make up his mind whether or not to file a suit in court.

In the instant case *if the plaintiff* had filed his suit at any time within three years after his administrative appeal had been decided, he would have been in time, by the standard which we have heretofore applied. Instead, he did not file it until five years and nearly eleven months thereafter. It is obvious that he was unaware that there was any law except the administrative law of the Army, which he might invoke. That is not an unusual situation for persons who have potential lawsuits, but it is not a fact which tolls the Statute of Limitations.

The defendant's motion is granted, and the plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.