Leo H. LEVINE

v.

The UNITED STATES.

No. 482–53.

United States Court of Claims.

Jan. 31, 1956.

Harry Rosenblatt, New York City, for plaintiff.

Martin E. Rendelman, New York City, with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, a former major in the Army of the United States, claims disability retirement pay from May 23, 1946, on which date he was honorably separated from the service by reason of physical disability found to have resulted from the natural progression of a disease which existed prior to entry on active duty, and not to have been aggravated by service.

All the facts in this case have been stipulated and there is no issue with respect thereto. Plaintiff, a physician, entered on active duty in the Army of the United States on March 9, 1942, with the rank of 1st lieutenant and thereafter by the time of his release from active duty on May 23, 1946, had achieved the rank of major.

By letter dated July 5, 1945, plaintiff requested a physical examination in order to determine his physical capacity for continued military service. On such examination at Headquarters Port Terminals, New York Port of Embarkation, it was determined that plaintiff was suffering from rheumatoid spondylitis. It was recommended that Major Levine be hospitalized at the nearest regional office for observation, treatment and appropriate disposition. A board of medical officers was thereafter convened at the Regional Hospital, Fort Jay, New York, on August 1, 1945, and plaintiff's illness was diagnosed as arthritis lumbar dorsal spine and sacroiliac joints, cause undetermined, severe, nonvenereal, chronic (Marie Strumpell type); that he had become unfit for duty on July 19, 1945; that the incapacity originated in 1940; that the cause of incapcity was incident to service, existed prior to entry on active duty, and was permanently aggravated by active duty, and that the defect was permanently incapacitating for general service. The board recommended that plaintiff be returned to duty in a permanent limited service status within the continental limits of the United States.

By letter dated January 2, 1946, plaintiff requested that he be relieved from active duty. After a terminal physical examination on January 25, 1946, it was recommended that plaintiff be hospitalized for observation and appropriate disposition. Accordingly plaintiff was admitted to the Tilton General Hospital, Fort Dix, New Jersey, and a Medical Disposition Board was convened which concurred with the diagnosis previously

made by the board of medical officers, except that it was found that the disease was not incurred in line of duty. The board further recommended that he appear before an Army Retiring Board.

An Army Retiring Board was accordingly convened on February 28, 1946, and made the following findings: (1) That Major Levine was permanently incapacitated for military service because of arthritis, lumbar spine, and both sacroiliac joints, moderate, cause undeterminate, nonvenereal, chronic, Marie Strumpell's disease; (2) that the cause of incapacity was not an incident of service; (3) that the cause of incapacity was permanently aggravated by military service; and (4) that incapacity for active service was the result of an incident of service.

The findings of the Army Retiring Board were then reviewed by the Surgeon General's Office which advised that it did not concur in the board's findings in that (a) the record revealed that the officer had been having back pains for seven years; (b) that there were no incidents of pertinent, local injury and that his symptoms were then minimal; (c) that a finding of permanent aggravation by military service was not qualified in this case by reason of a definite history of previous back complaints; (d) that it appeared that the present incapacity was mainly due to the natural progression of a preexisting disease; (e) that symptoms then were no more severe than they were before the one acute exacerbation while a transport surgeon. The record of the board's proceedings was returned by the Adjutant General to the Army Retiring Board for reconsideration. A board was then convened for a reconsideration of plaintiff's case and after further proceedings made findings which concurred in the findings of the first board. Two members of the board (of a total of five) dissented in that they found that incapacity was not service aggravated and was not an incident of service. Plaintiff was thereafter honorably separated from service on May 23, 1946, by reason of physical disability.

The proceedings of both boards were again reviewed by the Surgeon General's office which thereafter advised that it again did not concur in the board's findings for the reasons (1) that discrepancies existed between the findings of the orthopedic consultant at Tilton General Hospital and the findings of the medical witness before the reconvened board as to the degree of disability, and (2) that the orthopedic consultant at Tilton General Hospital had made a diagnosis of probable Marie Strumpell's disease, whereas the findings of the reconvened board did not include the type of arthritis. Accordingly, the following recommendations were made by the Surgeon General: (a) That further study was indicated at an arthritic center to clarify the diagnosis and for final evaluation; (b) that the Army Retiring Board proceedings in Major Levine's case be held in abeyance; (c) that he be hospitalized in an Army or Navy Hospital for further study and final evaluation; (d) that he thereafter appear before a Medical Disposition Board, and if the findings of that disposition board concurred with the findings of the Army Retiring Board, all board proceedings would then be forwarded to the Surgeon General's Office; (e) that if the findings and recommendations of the disposition board were not the same as those of the Army Retiring Board, he then be ordered before another Army Retiring Board for consideration and appropriate action.

By letter dated June 24, 1946, plaintiff was advised of the Surgeon General's decision and requested to proceed to the Army and Navy General Hospital at Hot Springs, Arkansas, for further study. By response dated July 5, 1946, plaintiff refused further hospitalization at Hot Springs, Arkansas, and advised that if further orthopedic or other type opinion was required he would arrange therefor at his own expense in New York or vicinity.

By letter dated August 22, 1946, plaintiff was informed that by order of the

Secretary of War the findings of the Army Retiring Board dated May 2, 1946 were disapproved and that he was therefore not eligible to receive retirement pay benefits. However, plaintiff was therein offered a choice of (1) reexamination at the end of six months, (2) recall to active duty for reexamination at the end of six months from the date his last appearance before an Army Retiring Board, (3) immediate recall to active duty in a limited service status for reexamination at the expiration of six months from the date of his last appearance before an Army Retiring Board, (4) or review of his case by the Secretary of War's Disability Review Board. By letter dated September 14, 1946, plaintiff declined further participation in further retirement board proceedings.

On January 31, 1947, plaintiff requested a review of the Army Retiring Board's proceedings by the Secretary of War's Disability Review Board. That board after review of all the previous proceedings affirmed the previous administrative action of the Secretary of War consisting of the disapproval of the findings of the reconvened Army Retiring Board, and in addition thereto made the following findings: (a) That Major Levine was permanently incapacitated for active service; (b) that cause of incapacity was arthritis lumbar spine and both sacroiliac joints, moderate, cause undetermined, chronic, nonvenereal, Marie Strumpell's disease; (c) that the approximate date of origin of the incapacity was before March 9, 1942; (d) that the officer became incapacited for active service January 25, 1946; (e) that cause of the incapacity was not an incident of service; (f) that cause of incapacity had not been permanently aggravated by military service; (g) that incapacity for active service was not the result of an incident of service; (h) that the disability was not incurred in combat with an enemy of the United States; (i) that any increase in symptoms or additional physical findings while on active duty as a commissioned officer were recurring manifestations of a preexisting disease not beyond the natural progress thereof. These findings were thereupon approved by direction of the President on April 8, 1947.

On July 5, 1950, plaintiff applied for a rehearing by the Army Disability Review Board on the ground that existing regulations of the Army provided that a progression of rheumatoid arthritis could be considered to be service connected, which provisions it was alleged were not taken into account by the Army Retiring Board. However, a board of officers convened to consider this additional evidence found that plaintiff had not presented new, pertinent and material evidence bearing upon his case which, if previously considered, could reasonably have been expected to cause a finding other than the decision hereinbefore rendered. The board concluded that a formal hearing was not justified and recommended that the request for a rehearing be denied. The findings and recommendation were approved by direction of the President on July 25, 1950.

On February 9, 1951, plaintiff again applied for a rehearing by the Army Disability Review Board on the ground that the strenuous nature of his duties as a transport surgeon and the resultant exposure to severe weather conditions constituted a sound basis for his contention that the progression of his rheumatoid arthritis was incident to his military service. His application was granted and a board was convened on April 26, 1951, at which time Major Levine appeared with counsel. On that same date the board approved the action of the Secretary of War's Disability Review Board dated April 8, 1947, and concurred in the findings of that board denying plaintiff's request for disability retirement pay, which findings were approved by direction of the President on April 26, 1951.

Action was thereafter instituted in this court by the filing of a petition on July 29, 1953.

The first question presented is: Did plaintiff's claim accrue more than six

years prior to the date of filing his petition?

Pursuant to 28 U.S.C. § 2501 an action in the Court of Claims must be brought within six years of the date of its accrual. Within the meaning of that section an action first accrues on the date when all events have occurred which fixed the liability, if any, of the United States and upon which date a potential claimant becomes entitled to sue thereon. Rosnick v. United States, D.C., 129 F.Supp. 958, rehearing denied, D.C., 132 F.Supp. 478.

This case is indistinguishable from the cases of Rosnick v. United States, supra; Girault v. United States, Ct.Cl., 135 F.Supp. 521; Duff v. United States, Ct.Cl., 135 F.Supp. 527; and Odell v. United States, Ct.Cl., 135 F. Supp. 539, in which this court held that a cause of action accrues on the date of the action of the Secretary of War in denying disability retirement benefits.

In the instant case the first date upon which any possible liability of the United States to plaintiff was August 22, 1946, the date plaintiff was notified by the Secretary of War that he was not eligible to receive disability retirement benefits. It was then that plaintiff could have brought suit in this court and at this point his claim accrued. Pendency of administrative remedies does not toll the statute of limitations. Cuiffo v. United States, Ct.Cl., 137 F.Supp. 944, and cases cited therein.

Plaintiff's petition was not filed until July 29, 1953, more than six years after the accrual of his claim. We must, therefore, hold that plaintiff's claim is barred by the statute of limitations.

In the light of the foregoing, it is not necessary to discuss other questions raised in this case. Plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.