Solomon S. LEVADI

v.

The UNITED STATES.

No. 431–55.

United States Court of Claims.

Dec. 5, 1956.

Meyer Goldberg, Chicago, Ill., for plaintiff. Leonard L. Levin, Chicago, Ill., was on the brief.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This is another case involving the proper application of the statute of lim-

itations, 28 U.S.C.A. § 2501, to the claim of an Army officer, who claims that he had been erroneously denied the right to retirement for physical disability and, therefore, to retired pay.

This question has been heretofore considered by the court in several recent cases, to wit: Rosnick v. United States, 129 F.Supp. 958, 132 F.Supp. 478, 132 Ct.Cl. 1, and the following three cases, all decided on November 8, 1955; Girault v. United States, 135 F.Supp. 521, 133 Ct.Cl. 135; Duff v. United States, 135 F.Supp. 527, 133 Ct.Cl. 161; Odell v. United States, 135 F.Supp. 539, 134 Ct.Cl. 643; and more recently in Levine v. United States, 137 F.Supp. 955, 133 Ct.Cl. 774, and MacFarlane v. United States, 140 F.Supp. 420, 134 Ct. Cl. 755. In all of these cases it was held that plaintiff's cause of action accrued when the Secretary of War. approved the action of the Retiring Board denying plaintiff the right of retirement with pay by reason of physical disability, and that it was barred if not brought within six years thereafter.

These cases are determinative of the issue presented in the case at bar, but we have a short further comment to make on the question.

It is of course fundamental that a cause of action accrues at the moment the alleged wrong is done the plaintiff, and that the statute begins to run at that time. This wrong was done plaintiff, if at all, when his claim to retired pay on account of permanent physical disability was disallowed.

Plaintiff asserted that he was permanently incapacitated for further military service and that he was entitled to be retired for physical disability and to receive the retired pay provided for by law. The Secretary of War replied, you are not permanently disabled and you are not entitled to retired pay and none will be paid to you. At that moment plaintiff's right of action accrued.

In the case at bar, the Army Retiring Board, before which plaintiff appeared, at first held that plaintiff was permanently incapacitated for active service "because of chronic arthritis of the spine of minimal degree," and that his incapacity was an incident of his service. The Surgeon General returned the case to the Board, because he said that arthritis of a minimal degree did not incapacitate a person for military service.

Upon reconsideration, the Army Retiring Board persisted in its conclusion that plaintiff was permanently incapacitated, but changed its mind as to the date of inception of the incapacity, and held that the incapacity had existed prior to his army service and, therefore, that it was not an incident of the service.

Quite naturally the Secretary of War disapproved of this finding of the Army Retiring Board. He determined, instead, that plaintiff was qualified for general military duty, but, according to the petition, he stated that plaintiff would not be recalled to active duty. Under this holding plaintiff was not entitled to retired pay and would not be entitled to active duty pay, unless he was later recalled to active duty. If the plaintiff was in fact qualified for general military duty, it was within the discretion of the Secretary to recall him to active duty or not, plaintiff being a reserve officer.

But plaintiff says he was not qualified for active duty and that the ruling of the Secretary of the Army to the contrary was erroneous, and that by reason of this erroneous ruling he was deprived of the retired pay to which he was entitled.

So long as that ruling stood, plaintiff had no right to retired pay, because the statutes vest in the Army Retiring Boards and the Secretary of War the right to determine whether or not an officer is entitled to be retired for physical disability. In order for plaintiff to receive retired pay, that ruling had to be set aside.

The statutes give plaintiff six years within which to do this. If he fails to commence an action to set it aside within that time, he is barred from doing so later. The statutes defining the jurisdiction of this court leave us powerless to

set aside that allegedly erroneous ruling, unless plaintiff had instituted an action to do so within the six-year period.

So long as the ruling stands, plaintiff is not entitled to retired pay.

█ Cases such as this are entirely different from those where a plaintiff's right is given him by statute, independent of any action of a board or agency. In such case plaintiff can assert his statutory right to all pay accruing to him under the statute within six years prior to the filing of his petition, as this court has frequently held. But not so where his right is dependent upon the action of a board or agency. If he presents his case to a board or agency, and that board or agency denies him the right to which he thinks he is entitled, then he must take action within six years to set aside its action.

So far as we know, there is no case in which this court has ever held to the contrary. We have many times held that where a right is given by statute, independent of the action of a board or agency, suit may be brought at any time for all benefits accruing under the statute within six years; but, where the right asserted is dependent upon favorable action of a board or agency, we have never held that a suit to set aside an allegedly erroneous action of such board or agency may be instituted after the lapse of six years.

Plaintiff's right to retired pay is dependent upon favorable action of the retiring board and the approval of such action by the Secretary of War. That action was taken more than six years before the petition was filed.

Defendant's motion to dismiss will be granted and plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, Judge, concur.

LITTLETON and MADDEN, Judges (dissenting).

We cannot agree with the majority that plaintiff's entire claim must be dismissed as barred by the statute of limitations. The majority holds that a cause of action for disability retired pay accrues, if at all, when the Secretary of the service concerned approves the action of the retiring board denying plaintiff the right of retirement with pay because of service incurred disability. The majority reasons that where a right to disability retired pay is given by statute independent of the action of any board or agency, a suit may be brought at any time for all benefits accruing under the statute within six years of the filing of the petition in this court, but that where the right to such pay is "dependent upon favorable action of a board or agency", this court has never held that a suit "to set aside an allegedly erroneous action of such board or agency" might be instituted after the lapse of six years from such alleged erroneous action. In the instant case the majority concludes that because the plaintiff's right to disability retired pay is dependent upon favorable action of a retiring board and also upon the approval of that action by the Secretary of War, the petition filed more than six years after unfavorable retiring board action and approval by the Secretary, is not timely.

We cannot agree with the above analysis for several reasons. First, when an officer of one of the armed services believes he has been wrongfully denied disability retirement with disability retirement pay which an Act of Congress provides he shall have under circumstances which he believes apply to his case, he has two rights: one is to have the wrongful or erroneous action of the board or Secretary set aside, and the other is to seek the disability retired pay denied him as a result of such wrongful action. The first right, that of having the erroneous action set aside, is one of which this court has no jurisdiction, such relief being in the jurisdiction of the District Court. Jurisdiction in this court is limited to the granting of money judgments on claims founded upon the Constitution, acts of Congress, regulations of Executive departments, express

or implied contracts with the United States, and for unliquidated damages in claims not sounding in tort. 28 U.S.C. § 1491. A suit to recover disability retired pay, which is the only one this plaintiff may bring in this court, is essentially a suit founded upon a statute and is not one founded upon board or agency action.

It is true that the statute says that when the board finds that an officer is incapacitated for active service, etc., 10 U.S.C. § 934, and its decision is approved by the President, the officer shall be retired from active service. Other provisions require the granting of disability retired pay. However, we do not think that the purpose of the statute to grant disability retirement with pay may be defeated by an arbitrary refusal to consider a proper case or, after considering it, to arbitrarily refuse to grant retirement with pay. The right to pay is statutory and in order to determine whether a plaintiff has a claim under the statute, it is, of course, necessary to determine whether the action of the board or Secretary in denying the retired pay is or is not in accordance with the meaning and purpose of the statute. If this court decides that the action is illegal, it has no power *to set that action aside,* but it does have the power to grant part of the relief to which the aggrieved person is entitled under the statute, and that relief is to permit recovery of the pay the aggrieved person would have received had the board and the Secretary acted in accordance with Congressional mandate.

When this court grants recovery on a claim for pay under a pay statute, whether it be retired pay or active duty pay, or civil service pay, it must hold, for the purpose of rendering a judgment, that the action of the Government agency in denying such pay was contrary to the statute and illegal. The action which results in the denial of pay is usually a decision of a board or of an agency head erroneously declaring that the plaintiff's status is such that he is not entitled to the pay sought. The claim in this court, founded upon the applicable statute, to recover pay, *arises as a result of such illegal or arbitrary decision,* but the claim for pay granted by the statute *accrues* for the purposes of a suit to recover such pay, only at the time or times when there is a failure or refusal by the Government to pay the plaintiff the pay or installments of pay which the statute requires and which plaintiff would have had if the Government had properly decided the matter under the statute. The arbitrary or erroneous decision may take place prior to the first refusal to grant pay or it may not take place finally until some time thereafter. Pay is frequently refused following a preliminary adverse decision from which appeals are permitted by law. If, after all decisions are made, the final result is contrary to law, then the denial of pay is wrongful back to the first installment of pay withheld, and if the plaintiff is wronged and entitled to the pay at all, he is entitled to all installments which fell due and were unpaid within the six years prior to the filing of the petition, plus any pay accruing and unpaid after the petition was filed up to the date judgment is entered.

Finally, it is noted that this case comes before the court on defendant's simple motion to dismiss on the sole ground that the petition is not timely. Such a motion to dismiss is in the nature of a plea of confession and avoidance, and, as such, for the purpose of testing the timeliness of the claim (which is the only issue before us), the moving party admits that the plaintiff has a valid and enforceable claim (here for disability retired pay). On such a motion defendant admits the pay was due but seeks to avoid payment on the ground that the claim in this court comes too late. A holding that the petition is *timely* insofar as it seeks to recover pay due and unpaid during the six years prior to the petition, and not timely as to the prior balance, decides nothing on the *merits* of plaintiff's claim, i. e., whether the action of the retiring board and the approval of the Secretary of War adverse to plaintiff, was erroneous or not.