**Frank E. LIPP**

v.

**The UNITED STATES.**

No. 384–58.

United States Court of Claims.

April 4, 1962.

Guy Emery, Washington, D. C., for plaintiff. Emery & Wood, Washington, D. C., on the briefs.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen., William H. Orrick, Jr., for defendant.

LARAMORE, Judge.

Plaintiff, a former Reserve officer of the Army, brings this action to recover retired pay which he claims is due him by reason of the arbitrary, capricious and unlawful action of the Army Board for Correction of Military Records in refusing, on October 1, 1955, to correct his record of military service to show his retention on active duty until January 30, 1946, and his retirement for physical disability as of that date.

The facts are fully found and will be referred to only to the extent necessary to this opinion.

The United States makes a strong contention that plaintiff's claim is barred by the 6-year statute of limitations, 28 U.S.C. § 2501. It says that plaintiff was released to inactive duty on January 26, 1946, and his petition was not filed in this court until August 22, 1958. As a matter of fact, plaintiff was released to inactive duty on January 26, 1946. During his military service, plaintiff never sought to be examined and surveyed for physical disability, nor did he ever request an opportunity to appear before an Army disposition board or an Army retiring board.

In this posture plaintiff is basing his present claim on the alleged arbitrary and capricious action of the Army Board for Correction of Military Records, which denied each of plaintiff's applications on October 10, 1952, and October 31, 1955, respectively.

This court has held many times that the statute of limitations is not tolled unless suit is brought under an act *requiring* a prior administrative determination, as a condition of suit. Mistretta v. United States, 120 F.Supp. 264, 128 Ct.Cl. 41; MacFarlane v. United States, 140 F.Supp. 420, 134 Ct.Cl. 755;

Cuiffo v. United States, 131 Ct.Cl. 60; Schmeichel v. United States, 134 Ct.Cl. 809; Barker v. United States, 140 F. Supp. 415, 135 Ct.Cl. 42, cert. denied 352 U.S. 935, 976, 77 S.Ct. 224, 1 L.Ed.2d 161; Levadi v. United States, 146 F.Supp. 455, 137 Ct.Cl. 97, cert. denied 353 U.S. 917, 77 S.Ct. 665, 1 L.Ed.2d 664; Conlin v. United States, 146 F.Supp. 833, 137 Ct.Cl. 128, cert. denied 353 U.S. 916, 77 S.Ct. 663, 1 L.Ed.2d 663; Price v. United States, 149 F.Supp. 181, 137 Ct.Cl. 685; Hutchinson v. United States, 149 F.Supp. 156, 137 Ct.Cl. 889.

For example, the Board of Contract Appeals is an administrative agency. The board is authorized to decide questions of fact but not of law. Consequently, this court has held many times that, under the terms of the contract, an aggrieved party must appeal to the board on questions of fact. However, since the board has no power to pass on questions of law, this court has held, in this type of case, that the aggrieved party need not appeal to the board, but can immediately file suit.

There is no requirement that as a prerequisite to suit a person must first exhaust an administrative remedy by application to the Army Board for Correction of Military Records. See Ogden v. Zuckert, infra. If the officer had requested action by a retiring board and this request had been denied, and if the Army was wrong in releasing an officer to inactive duty not for reasons physical, when in fact the officer was actually disabled as a consequence of his military service, a cause of action would immediately accrue and suit could be immediately filed. That is when the action first accrued within the meaning of the limitations statute and that is when the statute of limitations would normally begin to run. Girault v. United States, 133 Ct.Cl. 135, 144, 135 F.Supp. 521.

Moreover, under our earlier decisions, the fact that administrative proceedings were pursued by application and denial by the correction board gave no comfort to plaintiff. L. E. Myers Co., Inc. v. United States, 105 Ct.Cl. 459, 64 F.Supp.

148; Carlisle v. United States, 29 Ct.Cl. 414; Battelle and Evans v. United States, 7 Ct.Cl. 297; Curtis v. United States, 34 Ct.Cl. 1; Cohen, Goldman & Co., Inc. v. United States, 77 Ct.Cl. 713, 730, cert. denied 290 U.S. 681, 54 S.Ct. 119, 78 L.Ed. 587; Love v. United States, 122 Ct.Cl. 144; Tan, et al. v. United States, 102 F.Supp. 552, 122 Ct.Cl. 662, 664, cert. denied 344 U.S. 895, 73 S.Ct. 275, 97 L.Ed. 692; Gray v. United States, 124 Ct.Cl. 313; McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26; Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306.

True, this court has somewhat retreated from this position in recent years. For example, in Knight v. United States, No. 64–60, decided January 18, 1961, the court unanimously concurred with Judge Madden that the 6-year statute of limitations did not begin to run until after denial by the correction board.

However, in the light of the recent decision by the Court of Appeals for the District of Columbia Circuit, we are constrained to re-examine our decisions. The Court of Appeals for the District of Columbia Circuit in the case of William B. Ogden, Appellant v. Eugene M. Zuckert, Secretary of the Air Force, Appellee, 111 U.S.App.D.C. 398, 298 F.2d 312, in a decision dated December 14, 1961, held that resort to the correction board was not mandatory and jurisdiction of the court was not precluded by the omission of plaintiff to seek relief through the board.

After a re-examination of the decisions of this court, and in view of the above decision of the Court of Appeals, we conclude that our former decisions were correct when we held that resort to the correction board was a permissive remedy only. Since it was not mandatory, we were correct in our holdings that the statute of limitations is not tolled until correction board action and, further, that the pendency of said administrative proceedings does not suspend the statute of limitations while the claim is being considered by said administrative agency. Levine v. United States, 137

F.Supp. 955, 133 Ct.Cl. 774; Rosnick v. United States, 132 F.Supp. 478, 132 Ct. Cl. 1; Girault v. United States, supra; Duff v. United States, 135 F.Supp. 527, 133 Ct.Cl. 161; Odell v. United States, 139 F.Supp. 747, 134 Ct.Cl. 634. To the extent of this opinion, all decisions in conflict therewith are expressly overruled.

In the case at bar, the plaintiff did not request an opportunity to appear before an Army retiring board or an Army disposition board during his military service. However, plaintiff did request that he be permitted to appear before a "medical retirement board," by letter dated December 19, 1948. This request was denied on December 30, 1948. Again, by letter dated May 26, 1949, plaintiff requested the Adjutant General that he be permitted to appear before an Army retiring board. This request was denied by letter from the Adjutant General dated July 18, 1949. Plaintiff again wrote the Adjutant General on June 16, 1950, requesting "appearance and medical retirement before an Army retiring board." On July 13, 1950, the Adjutant General responded that his appearance before a physical evaluation board (formerly Army retiring board) to establish his entitlement to physical disability retirement pay benefits was not warranted and that his request was not favorably considered.

Thus assuming under the facts of this case, without deciding the question, that appearance before a retiring board or physical evaluation board may be requested after an officer has been released,[1] plaintiff's instant cause of action is still barred by the statute of limitations, since the last request for appearance was denied on July 13, 1950, and his petition was not filed in this court until August 22, 1958.[2]

---

1. While it is questionable that an officer could accrue a cause of action by a request for retirement board proceedings after his release to inactive duty, it is not necessary at this time to decide the question inasmuch as by giving plaintiff the benefit of the last request, his petition here was not timely filed.

 In conclusion, the latest date favorable to plaintiff is July 13, 1950, when he was denied retirement board proceedings. His petition was filed on August 22, 1958, more than six years thereafter and is barred by the statute of limitations, supra. Accordingly, plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE and WHITAKER, Judges, concur.

2. In Girault v. United States, supra, it was held that "All of these boards, * * * act only in an advisory capacity to the Secretary of War. If his decision on the retirement rights of an officer is alleged to have been arbitrary, then the officer's right to come to the court for redress accrues as soon as the arbitrary decision is rendered."