"This purported contract claim comes before the court on cross-motions for summary judgment. Plaintiff, who was a civilian employee of a federal contractor in Vietnam, contends he is entitled to compensation for having been fired at defendant’s insistence. The facts need be stated only summarily.
"In 1969, plaintiff was charged with possession of excessive post-exchange merchandise, an offense of which, for purposes of these motions only, defendant concedes plaintiff was innocent. Defendant revoked plaintiffs privileges for military-operated facilities, an action which obligated his employer to fire him, under the terms of the contract between the Government and plaintiffs employer. Plaintiff was discharged from his job on March 31, 1970.
"He appealed repeatedly to military authorities to reopen his case, claiming that he was innocent of the offense and that the evidence against him had been illegally obtained. He received two hearings, neither of which; resulted in any change in the Government’s position. Subsequent requests for reconsideration were denied without hearings.
"We do not tarry to determine whether this suit is properly brought as a contract, rather than a tort, claim. Assuming arguendo that the claim sounds in contract, and that we have jurisdiction of it, plaintiffs filing of suit here on August 26, 1976, was clearly too late under the 6-year statute of limitations, 28 U.S.C. § 2501. His cause of action, *432 if any, accrued on March 31, 1970, when he was fired. At that time, all events on which plaintiffs claim is premised had occurred. Plaintiff has not shown us, nor can we find, any statute, regulation, or contractual provision which conditioned his right to sue upon prior pursuit of administrative remedies. It is long settled that resort to permissive administrative procedures does not toll the statute; 'the statute of limitations is not tolled unless suit is brought under an act requiring a prior administrative determination, as a condition of suit.’ Lipp v. United States, 157 Ct. Cl. 197, 199, 301 F.2d 674, 675 (1962), cert. denied, 373 U.S. 932 (1963) (emphasis in original). Cf. Crown Coat Front Co. v. United States, 386 U.S. 503, 522 (1967) (statute does not begin to run until completion of mandatory administrative remedies).
"Plaintiff argues that the statute was tolled while he pursued administrative remedies, both because he was allegedly encouraged to continue to pursue administrative relief and because it was most reasonable for him to seek relief in Vietnam, rather than return to the United States to institute a suit. But these arguments, based on equity, not law, cannot surmount the statutory hurdle of the limitations period, which is jurisdictional. Plaintiff can overcome this barrier only by showing that the administrative remedies he pursued were mandatory, a burden he has failed to meet. His claim, therefore, is barred by the statute of limitations. Accordingly, we have no need to consider the several other defenses advanced by defendant.
"therefore it is ordered, upon the parties’ written submissions, and after oral argument, that defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.”