## L. E. MYERS CO. v. UNITED STATES.

### No. 45057.

Court of Claims.

Feb. 4, 1946.

Horace S. Whitman, of Washington, D. C. (Robert C. Handwerk, of Washington, D. C., on the brief), for plaintiff.

Louis R. Mehlinger, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for the defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHALEY, Chief Justice.

The plaintiff agreed to construct for the Department of Commerce 26 sets of steel 125′ Airway radio range masts, four to a set, at that many locations in Pennsylvania, Wisconsin, Illinois, Minnesota, North Dakota, Iowa, Missouri, Kansas, Oklahoma, Texas, Mississippi, Tennessee, Arkansas, and Louisiana.

The contract, a formal one, was entered into June 23, 1932, following the usual advertisement, bid, and award.

There were in fact 50 sets advertised, at 50 various sites, but the plaintiff chose to bid for 26 sets only, and its bid was accepted, at stated amounts for each unit. Locations for the masts were identified by the names of the towns nearest to the precise locations. Precise locations and physical data were to be obtained by the contractor from local airport officials. The work and the named unit price included excavation for and the construction of specified concrete bases, excess concrete to be paid for at $12 per cubic yard. In naming this price of $12 per cubic yard, the bidder (plaintiff) stated in its accepted bid "(The above bid price includes earth excavation)." The bidder also agreed to a deduction of 1½ percent from the listed prices.

The work was agreed to "be completed in ninety days from date of receipt of notice to proceed with the work", and the specifications, drawings, and bid were made part of the contract.

Among other matters of defense the defendant raises issue on the statute of limitations, Section 156 of the Judicial Code, 28 U.S.C.A. § 262: "Every claim against the United States cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives, as provided by law, within six years after the claim first accrues. * * *"

The petition herein was filed February 2, 1940.

The findings show that the last completion date was May 26, 1933, at which date full performance on plaintiff's part was accomplished. This was the work at Minneapolis, Minnesota.

However, on May 24, 1933, the plaintiff had submitted to the defendant its "final" vouchers for the balances claimed to be due. The vouchers did not include the additional amounts herein sued for. After making certain deductions, the defendant paid the remainder to the plaintiff June 16, 1933, by check, the plaintiff endorsed the check and accepted payment without protest or reservation. There was at that time no other claim before the defendant that had not been acted upon.

It is true that the plaintiff thereafter, April 19, 1934, within the six years, submitted a claim to the administrative office respecting the subject-matter of this suit, and that the Secretary of Commerce allowed the claim in part and denied it in part, although the period allowed by the contract for any possible appeal to the head of the department had long expired, if it existed at all.

The date that a claim is filed does not as such set the date at which the claim first accrues under the statute. To hold otherwise would leave it within the power of the claimant to postpone or interrupt the running of the statute.

The claim first accrues when it can be definitely ascertained and set up, when all that is required of him by the terms of the contract has been fulfilled by the contractor, enabling him to meet any plea of neglect to perform.

Filing of the claim with the administrative office, April 19, 1934, did not

come within the terms of the contract and did not bring forward the date of accrual of the claim.

See Cohen et al. v. United States, 77 Ct.Cl. 713, 729; Hendricks v. United States, 81 Ct.Cl. 609; Pink, Liquidator, v. United States, 85 Ct.Cl. 121; Dawnic Steamship Corporation v. United States, 90 Ct.Cl. 537, 578; John P. Moriarty Inc. v. United States, 97 Ct.Cl. 338; Ylagan v. United States, 101 Ct.Cl. 294.

■ The right of suit is barred by the statute and the petition is dismissed. It is so ordered.

JONES, WHITAKER, and LITTLETON, Judges, concur.

MADDEN, Judge, took no part in the decision of this case.