**EMPIRE INSTITUTE OF TAILORING, Inc.**

v.

**UNITED STATES.**

No. 287–57.

United States Court of Claims.
May 7, 1958.

Leonard L. Ettinger, Philadelphia, Pa., for the plaintiff.

M. Morton Weinstein, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., for defendant.

LARAMORE, Judge.

Plaintiff, a training school for veterans under the Servicemen's Readjustment Act of 1944, 58 Stat. 284, 38 U.S. C.A. § 693 et seq., seeks recovery of the

difference between the amount paid by the Veterans Administration for training veterans from January 1, 1950 through March 31, 1951, and the amount it should have received if entitled to be paid at the rate of its claimed customary cost of tuition. Plaintiff alleges it acquired the customary cost of tuition rate by reason of a series of contracts pursuant to Public Law 610, 64 Stat. 336, 38 U.S.C.A. following section 745.

Defendant has filed a motion to dismiss the petition on the ground that the claim accrued more than six years prior to the filing of the petition and is barred by the 6-year statute of limitations, 28 U.S.C. § 2501, which provides:

> "Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed, within six years after such claim first accrues."

The facts as alleged in the petition are these. Plaintiff operated a trade school in which it trained veterans under written contracts from July 6, 1948 through December 31, 1949, and without a formal written contract from January 1, 1950 through March 31, 1951, pursuant to the provisions of Public Law 346, 58 Stat. 284, 287, as amended.

Plaintiff's first contract with the Veterans Administration was Contract V3056V–27 for the period from July 6, 1948 through December 31, 1948, which provided for a tuition rate of $74.22 per student per month. By a renewal agreement, Contract V3056V–27 was extended through March 31, 1949. Thereafter plaintiff executed Contract V3056V–330 with the Veterans Administration for the period from April 1, 1949 through December 31, 1949. Contract V3056V–330 also provided for a tuition rate of $74.22 per student per month. After Contract V3056V–330 had been fully performed by both parties, the Veterans Administration requested the plaintiff to negotiate the contract rate to cover periods on and after January 1, 1950. The plaintiff declined to negotiate further for a tuition rate on the grounds that

under provisions of law the rate of $74.22 had become established as the school's customary cost of tuition and the plaintiff requested the Veterans Administration to acknowledge its right to such customary cost of tuition and to make payments to the plaintiff in accordance therewith.

The Veterans Administration rejected the contention of plaintiff and refused to pay the $74.22 rate on and after January 1, 1950. Plaintiff further alleges that the Veterans Administration refused to make any payments to the plaintiff until it consented to negotiate a new tuition rate.

The Veterans Administration, after having determined that plaintiff had not acquired a customary rate of tuition, proceeded to and did determine a tuition rate payable to plaintiff for training furnished on and after January 1, 1950. Plaintiff objected to the rate so fixed and the refusal of the Veterans Administration to pay its claimed customary cost of tuition, and appealed the action to the Veterans' Education Appeals Board.

Plaintiff has been paid by the Veterans Administration for all training furnished veterans for the period January 1, 1950 through March 31, 1951, at the rate so fixed by the Veterans Administration. Plaintiff sues to recover the sum of $19,280.59, representing the difference between the amounts paid by the Veterans Administration and the amount it would have received at the claimed customary rate of tuition for services rendered.

■ This court has consistently held that a claim first accrues on the date when all events have occurred which fix the liability, if any, of the United States and entitles the claimant to sue thereon. Levine v. United States, 137 F.Supp. 955, 133 Ct.Cl. 774; Sese v. United States, 113 F.Supp. 658, 125 Ct.Cl. 526; Gray v. United States, 124 Ct.Cl. 313; Reliance Motors, Inc., v. United States, 81 F.Supp. 228, 112 Ct.Cl. 324.

Here the petition shows that at all times beginning with January 1, 1950, through March 31, 1951, during which time the services were performed, the Veterans Administration refused to recognize plaintiff's claim and pay thereon. The services had been completed and plaintiff could have sued. The limitation statute, supra, gave plaintiff six years within which to sue, and the six years began to run at the latest on March 31, 1951, when the last services were rendered. The petition in this case was filed June 27, 1957, more than six years thereafter and is time barred.

The fact that during the period between January 1, 1950, when plaintiff started to render services, and June 27, 1957, when the petition was filed, plaintiff sought administrative determination before the Veterans' Education Appeals Board did not toll the statute of limitations. The appeal was not mandatory, but permissive only. Art Center School v. United States, 142 F. Supp. 916, 136 Ct.Cl. 218. Unless pursuance of administrative remedies is a prerequisite to suit, the statue of limitations is not suspended or tolled by the pursuance of administrative remedies. Girault v. United States, 135 F.Supp. 521, 133 Ct.Cl. 135; Mistretta v. United States, 120 F.Supp. 264, 128 Ct.Cl. 41; Nassif v. United States, 125 Ct.Cl. 379; Thomas v. United States, 125 Ct. Cl. 76; Gray v. United States, supra; Tan v. United States, 102 F.Supp. 552, 122 Ct.Cl. 662; John P. Moriarity, Inc. v. United States, 97 Ct.Cl. 338; Levine v. United States, supra.

Plaintiff in opposition contends that the statute of limitations did not begin to run on its claim until April 16, 1956, because the Veterans Administration on said date renegotiated the tuition rate of Contract V3056V–330. It is evident that any facts relating to a renegotiation of the contract rate are completely irrelevant to this suit. The services in question were not rendered pursuant to such written contract, and the determination as to the contract rate would have nothing to do with the fair and reasonable basis.

Plaintiff then says in the alternative that if the statute of limitations became operative on April 1, 1951, as contended by the Government, then the period of seven months during which its books and records were in the custody of a Federal grand jury should be deducted from the 6-year period. These are not facts alleged in the petition and therefore not properly before the court. In any event, the fact that plaintiff's books and records were in the custody of a Federal grand jury was not an impediment to the filing of this suit.

For the reasons stated, plaintiff's claim is barred by the statute of limitations, and its petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.