**IRAN NATIONAL AIRLINES CORP.**
v.
**The UNITED STATES.**
No. 241–64.

United States Court of Claims.
May 13, 1966.

Roland Homet, Jr., Washington, D. C., for plaintiff. R. Michael Duncan, Washington, D. C., attorney of record.

John C. Ranney, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

COWEN, Chief Judge.

Plaintiff, an air carrier organized and existing under the laws of Iran, brought this action to recover unpaid freight charges on seven shipments of Government-owned property that were transported by air in 1958 and 1959 from points in the United States to Ankara, Turkey. All the material facts have been stipulated and the parties have agreed that the case may be decided on

their motions for summary judgment. The goods moved under Government bills of lading issued by authorized Government officers and were transported from the United States to Frankfurt, Germany, by the Pan American World Airways System. At Frankfurt the goods were transferred to plaintiff, which completed the shipments to Ankara, Turkey, and delivered the freight in good order and condition to the consignees. Plaintiff, as the final and delivering carrier, acquired the right to collect the entire freight charges from origin to delivery. The charges, which totaled $15,548.71, have never been paid.

The seven shipments were delivered by plaintiff during the months of September and October 1958 and February 1959. Plaintiff is not a U.S. certified carrier and does not operate its aircraft in common carriage to or from any points within the United States. However, on May 16, 1950, plaintiff authorized R. C. Lounsbury, Agent, to file on its behalf with the Civil Aeronautics Board tariffs containing fares, rates, rules and regulations for combined transportation over the lines of plaintiff and other carriers, including Pan American Airways System, which have granted similar authority to the said agent.

For reasons which are not material to the issues, plaintiff did not present its bills for the freight charges to the General Accounting Office until November 27, 1962, more than 3 years after the last delivery. The GAO refused payment on the ground that the claim was "barred from settlement in the General Accounting Office" by Section 322 of the Transportation Act of 1940, as amended, 49 U.S.C. § 66, because it was not received by that office within 3 years from the accrual of plaintiff's cause of action.

This suit followed and the parties have agreed that both the original petition and the first amendment thereto were filed within 6 years from the date the cause of action first accrued.

It is conceded that plaintiff is entitled to judgment in the amount of $15,548.71, unless its right to recover is precluded by the provisions of Section 322 of the Transportation Act of 1940, as amended, 49 U.S.C. § 66, which provides in pertinent part as follows:

Payment for transportation of the United States mail and of persons or property for or on behalf of the United States by any common carrier subject to the Interstate Commerce Act, as amended, or the Civil Aeronautics Act of 1938, shall be made upon presentation of bills therefor, prior to audit or settlement by the General Accounting Office, but the right is reserved to the United States Government to deduct the amount of any overpayment by any such carrier from any amount subsequently found to be due such carrier. * * * *Provided further,* That every claim cognizable by the General Accounting Office for charges for transportation within the purview of this section shall be forever barred unless such claim shall be received in the General Accounting Office within three years (not including any time of war) from the date of (1) accrual of the cause of action thereon, or (2) payment of charges for the transportation involved, or (3) subsequent refund for overpayment of such charges, or (4) deduction made pursuant to this section, whichever is later.

The above-quoted proviso is a 1958 amendment to Section 322 of the Transportation Act of 1940 provided by Public Law 85–762, 72 Stat. 860. When the amendment is read in context with the act of which it is a part and considered in connection with its legislative history, we think it quite clear that the proviso was intended only to bar administrative settlement of transportation claims that are presented to the General Accounting Office 3 years after the claims accrue and that plaintiff's suit in this court is governed by the 6-year statute of limitations, 28 U.S.C. § 2501.

The basic authority of the General Accounting Office to settle and adjust claims against the United States is contained in 31 U.S.C. § 71 and gives that agency final authority within the

Executive branch of the Government to allow or disallow a claim in whole or in part. However, the disallowance of a claim by the General Accounting Office is not a conclusive adjudication which bars an action at law, for as the Supreme Court said in St. Louis B. & M. Ry. Co. v. United States, 268 U.S. 169, 174, 45 S.Ct. 472, 474, 69 L.Ed. 472 (1925):

> No action of these officials can bar the right of a claimant to have the Court of Claims determine whether he is entitled to recover under a contract with the government.

See also Baggett Transp. Co. v. United States, 319 F.2d 864, 162 Ct.Cl. 570 (1963).

█ The presentment of a claim to and a decision by the General Accounting Office is not a prerequisite to suit and does not toll the running of the statute of limitations. Tan v. United States, 102 F.Supp. 552, 122 Ct.Cl. 662, cert. denied, 344 U.S. 895, 73 S.Ct. 275, 97 L.Ed. 692 (1952); Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). In Baggett Transp. Co. v. United States, supra, this court held that Section 322 of the Transportation Act of 1940 does not affect or extend the running of the 6-year period provided for in 28 U.S.C. § 2501.

Prior to the enactment of Public Law 85–762 in 1958, it was well settled that legal actions brought by carriers for recovery of transportation charges against the Government were governed by the provisions of 28 U.S.C. § 2501. Southern Pac. Co. v. United States, 62 Ct.Cl. 391 (1926). If Congress had intended the 1958 amendment to Section 322 to fix a new 3-year statute of limitations on court actions by carriers for the recovery of transportation charges against the Government, Congress need have done nothing more. However, in the same statute it provided for a 3-year period of limita-

tions on actions at law by surface carriers for the recovery of such transportation charges.[1] The legislative history [2] shows that it was the intent of Congress to put the carriers covered by the act and the Government on an equal footing. Thus, the Government, as well as the surface carriers, is limited to a period of 3 years within which to file suit on claims involving transportation for the United States by such carriers.

We deem it of controlling importance that Congress did not in the 1958 Act or in any other statute provide a statute of limitations specifically for actions by air carriers to recover transportation charges against the Government. Whether the air carriers were omitted from the 1958 Act by design or oversight is immaterial. It is enough for us to find that the only statute of limitations affecting such actions by air carriers is 28 U.S.C. § 2501.

Finally, we take note of the fact that our conclusion is in accord with the administrative interpretation of the statutes fixing periods of limitations on actions brought by carriers against the United States for the recovery of transportation charges. In the GAO's Policy and Procedures Manual for Guidance of Federal Agencies, Title 5, § 6024.10 (February 15, 1962), the following appears under the heading "Statutory Limitations on Filing Suits in Court":

> 46 U.S.C. 745 imposes a two-year limitation on court actions against the United States on maritime claims; 49 U.S.C. 16(3) (i), 304a(7), 908(f) (5), and 1006a(7) impose a three-year limitation on court actions against the United States on claims of carriers subject to the Interstate Commerce Act; and 28 U.S.C. *2401 and 2501 impose a six-year limitation on court actions against the United States on other claims.* (Emphasis supplied.)

---

1. The 3-year statute with respect to actions at law brought by railroads and pipelines is contained in 49 U.S.C. § 16(3) (i) in 49 U.S.C. § 304a(7) for motor carriers; in 49 U.S.C. § 908(f) (5) for water carriers; and in 49 U.S.C. § 1006a(7) for freight forwarders.

2. 1958 U.S.Code Cong. and Adm.News, p. 3923.

The next section of the manual (Section 6025.10) deals with Section 322 of the Transportation Act of 1940 under the heading "Statutory Limitations on Filing Claims Within the General Accounting Office." Since the General Accounting Office is the agency which is responsible for the administration of Section 322, its interpretation of the statute is entitled to great deference in the absence of a showing that it is clearly erroneous. Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 67 S.Ct. 1129, 91 L.Ed. 1375 (1947); United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L.Ed. 361 (1930).

In view of our interpretation of the applicable statutes, it is unnecessary to consider the remaining questions raised by the parties. Defendant's cross-motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted, and judgment is entered for it in the sum of fifteen thousand five hundred forty-eight dollars and seventy-one cents ($15,548.71).