**AIR EXPRESS INTERNATIONAL CORPORATION**

v.

**The UNITED STATES.**

No. 132–68.

United States Court of Claims.

March 19, 1971.

John Douglas Clark, Sr., Washington, D. C., attorney of record, for plaintiff.

John Charles Ranney, Washington, D. C., with whom was Asst. Atty. Gen. L. Patrick Gray, III, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

DURFEE, Judge.

This case comes before the court on defendant's motion and plaintiff's cross-motion for summary judgment. The sole issue to be decided is whether plaintiff's claims are barred by our statute of limitations, 28 U.S.C. § 2501 (1964), which provides in pertinent part:

> Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed *within six years after such claim first accrues.* [Emphasis supplied]

The facts of the case, as stipulated by the parties, are as follows: Plaintiff, a Delaware corporation, is an indirect air carrier for both domestic and interna-

tional traffic, under authority granted by the Civil Aeronautics Board. During the years 1958–1962, plaintiff performed certain transportation services pursuant to Government bills of lading, and moved 108 shipments between points in the United States and points overseas. Although failing to submit timely bills for payment, plaintiff did file claims with the General Accounting Office (hereinafter GAO) for all shipments. However, these claims were denied because they accrued more than three years before they were presented to the GAO for payment. The GAO denials were in accordance with 49 U.S.C. § 66 (1964) which provides in part:

> Payment for transportation of the United States mail and of persons or property for or on behalf of the United States by any common carrier subject to * * * the Civil Aeronautics Act of 1938, shall be made upon presentation of bills therefor, prior to audit or settlement by the General Accounting Office, but the right is reserved to the United States Government to deduct the amount of any overpayment by any such carrier from any amount subsequently found to be due such carrier. * * * *Provided further,* That every claim cognizable by the General Accounting Office for charges for transportation within the purview of this section shall be forever barred unless such claim shall be received in the General Accounting Office within three years * * * from the date of (1) accrual of the cause of action thereon * * *.

Defendant has admitted liability for two shipments in the amount of $107.19, and has paid plaintiff for the amount claimed for a third shipment. Thus, payments for 105 shipments remain in issue and form the basis for this suit. It is plaintiff's position that, although all of the shipments remaining in dispute were moved in the normal course of business more than six years prior to the filing of the instant petition, nevertheless, these claims are not barred from consideration by this court by virtue of

the statute of limitations. It is defendant's position that plaintiff's claims for all 105 shipments are, in fact, barred by that statute.

In order to adjudge the validity of plaintiff's claims, we must determine when plaintiff's claims first accrued. In Baggett Transportation Co. v. United States, 319 F.2d 864, 868, 162 Ct.Cl. 570, 578 (1963), this court held:

> * * * The rule has long been established that claims for freight accrue when the services are rendered. United States v. Wilder, 13 Wall, 254, 80 U.S. 254, 20 L.Ed. 681 (1871); Southern Pacific Co. v. United States, 67 Ct.Cl. 414, 419 (1929), cert. denied, 280 U.S. 567, 50 S.Ct. 26, 74 L.Ed. 620 (1929), and cases cited therein. The claim for freight and the "right to demand payment [accrue] immediately upon the delivery of the property", *Southern Pacific Co. supra,* 67 Ct.Cl. at p. 420, because at that time the claim can be definitely ascertained and set up, and the carrier can "meet any plea of neglect to perform." L. E. Myers Co. v. United States, 64 F. Supp. 148, 105 Ct.Cl. 459, 478 (1946).

Although the record discloses a definite delivery date for only eight shipments involved herein, the parties have stipulated that all shipments transported by plaintiff were moved in the normal course of business more than six years and, in some instances, eight to ten years prior to the filing of the petition in this court. Absent any rebutting evidence submitted by either party, we conclude that all shipments would have been completed and all final deliveries executed more than six years before this present action was instituted.

Plaintiff contends that, notwithstanding the actual delivery dates, its claims did not accrue until the GAO had approved or declined the Government bills of lading (or, in this case, the certificates in lieu of lost Government bills of lading) submitted by plaintiff for payment for all services rendered. The denial of plaintiff's claims by the GAO

pursuant to 49 U.S.C. § 66, was within six years prior to the filing of this petition. If plaintiff is correct, it follows of course, that its claims for payment are not barred by the six-year statute of limitations.

A similar argument was advanced in *Baggett, supra.* Plaintiff carrier had transported truckloads of ammunition between various points in the United States. After the Navy Department had compensated plaintiff fully for all services rendered, the GAO pursuant to a routine audit, alleged that the Government had been overcharged. Subsequently, plaintiff voluntarily refunded a portion of the sum claimed by the Government. The GAO deducted the balance from other payments due plaintiff under separate transportation contracts. Plaintiff brought suit to recover the money recouped, and also claimed additional freight on the separate ground that it erroneously underbilled the Navy for many of the original shipments. Although the recoupment was made within six years prior to the filing of the petition, delivery of all original shipments was completed more than six years before the action was begun.

In support of its claim for additional freight, Baggett contended that, inasmuch as all Government bills of lading were paid subject to audit under 49 U.S.C. § 66, claims for freight could not accrue until the proper charges for each shipment were ascertained by the GAO. In substance, this argument is virtually identical to that expressed by plaintiff in the instant case. However, after careful consideration, it was rejected, the court concluding:

> The statute is not tolled while plaintiff awaits audit or even actively pursues any available administrative remedies, unless a "statute requires that a particular administrative remedy must be exhausted * * *", Friedman v. United States, Ct.Cl. No. 377–60, 310 F.2d 381, 159 Ct.Cl. 1 (1962), cert. de-

nied, Lipp v. United States, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691. See also Empire Institute of Tailoring, Inc. v. United States, 161 F.Supp. 409, 142 Ct.Cl. 165, 168 (1958), and cases cited. [*Baggett, supra,* 319 F. 2d at 869, 162 Ct.Cl. at 579.]

This principle was affirmed in Iran National Airlines Corp. v. United States, 360 F.2d 640, 642, 175 Ct.Cl. 504, 508 (1966), wherein the court held:

> The presentment of a claim to and a decision by the General Accounting Office is not a prerequisite to suit and does not toll the running of the statute of limitations. Tan v. United States, 102 F.Supp. 552, 122 Ct.Cl. 662, cert. denied, 344 U.S. 895, 73 S. Ct. 275, 97 L.Ed. 692 (1952); Soriano v. United States, 352 U.S. 270, 77 S. Ct. 269, 1 L.Ed.2d 306 (1957). In Baggett Transp. Co. v. United States, *supra,* this court held that Section 322 of the Transportation Act of 1940 does not affect or extend the running of the 6-year period provided for in 28 U.S.C. § 2501.

In *Iran, supra,* as here, the bills submitted by the air carrier to the GAO for payment were presented more than three years after delivery of the shipments had been completed. Consequently, all claims were denied on the basis of 49 U.S.C. § 66. Interpreting that section and its applicability to the claims there presented, the court stated that the statutory limitation imposed by § 66 was "intended only to bar administrative settlement of transportation claims that are presented to the General Accounting Office 3 years after the claims accrue * * *." *Iran, supra,* 360 F.2d 641, 175 Ct.Cl. at 508.

■ We believe now, as we did at the time the judgment in *Iran* was rendered, that Congress could have provided a statute of limitations specifically applicable to air carriers if that had been its intention.[1] The absence of such Con-

---

1. In 1958, Congress enacted Public Law 85–762, 72 Stat. 859, which provided a new statute of limitations for all actions at law by or against certain carriers with respect to transportation for or on behalf of the United States. However, the

gressional action persuades us that 28 U.S.C. § 2501 is the only statutory limitation on actions of air carriers such as those presented in the instant case and in *Iran*.

In *Iran*, the original petition and the first amendment thereto were filed within six years from the date the cause of action first accrued. Therefore, the action was not barred by the statute of limitations. However, plaintiff's present action was filed more than six years after all deliveries would have been made in the normal course of business. Having previously found that plaintiff's claim for each shipment first accrued at the time delivery was completed in the normal course of business, we hold that plaintiff's claims for all 105 shipments now in issue are barred by our six-year statute of limitations. 28 U.S.C. § 2501.

Accordingly, plaintiff's cross motion for summary judgment is denied, except that judgment is entered for plaintiff in the amount of $107.19. Defendant's motion for summary judgment as to the remaining shipments is granted, and the petition is dismissed.

1958 statute was not applicable to the carriers in *Baggett Transp.* or *Iran*, and is not applicable to plaintiff in respect to actions brought in this court.