**BOWMAN TRANSPORTATION, INC.**

v.

**The UNITED STATES.**

No. 298–78.

United States Court of Claims.

April 18, 1979.

B. Wayne Vance, Washington, D. C., attorney of record, for plaintiff; Alston, Miller & Gaines, Washington, D. C., of counsel.

John Charles Ranney, Washington D. C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant.

Before DAVIS, KASHIWA and SMITH, Judges.

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KASHIWA, Judge:

The statute of limitations question before the court is here on defendant's motion for summary judgment and plaintiff's opposition thereto. After careful consideration of the briefs and the oral arguments presented by the parties, we deny defendant's motion.

The facts as set forth by the parties are as follows. On August 2, 1972, plaintiff was tendered under Bill of Lading No. F9 279 079 a freight shipment of ten cartons of nuts and bolts by the Defense Depot, Memphis, Tennessee, consigned to the Marine Corps Development and Educational Command, Quantico, Virginia. Plaintiff, the originating carrier, transported the shipment to Richmond, Virginia, where the shipment was transferred to Estes Express Lines, the delivering carrier, on August 7, 1972. At the time of the mid-shipment transfer in Richmond, the cargo was determined to be one carton short and a notation to that effect was made. Thus, when the shipment was ultimately delivered to the consignee at Quantico on August 8, 1972, it was one carton short.

As a result, on March 21, 1974, defendant filed a lost cargo claim against Estes Express Lines for $23,578.46—the alleged value of the lost carton plus $16.93 of transportation charges on the lost carton which defendant had paid. Subsequently, by set-off against other transportation charges it owed Estes Express Lines, the defendant collected the entire $23,578.46 claim, the set-off being completed in February 1975. And plaintiff reimbursed Estes Express Lines for defendant's entire $23,578.46 set-off in February 1975.

Later the lost carton of freight was identified and its contents were determined to have been 54,511 nut clamps and 6,890 nuts, all excess goods as shown on the face of

Requisition No. MCM–051–72–AV, dated June 9, 1972. Thus, the value of the lost carton of freight appears to have been considerably less than the $23,578.46 the defendant originally claimed and collected by way of set-off.

In due course, plaintiff filed an administrative claim pursuant to 4 C.F.R. 31 (1977) with the General Accounting Office and the Comptroller General for the amount of the apparent excess set-off by defendant. Plaintiff's administrative claim was denied in February 1978 and plaintiff filed its petition in this court on June 26, 1978.

The sole issue presently before us is whether plaintiff's claim is barred by the statute of limitations.

Defendant submits that plaintiff, as the subrogee of Estes Express Lines, really is suing for transportation charges unlawfully withheld by defendant under a set-off claim. It follows, defendant argues, that since plaintiff's claim is for transportation charges, the claim is subject to the special three-year statute of limitations governing transportation charge disputes, 49 U.S.C. § 304a (1976), rather than the regular six-year statute of limitations which normally governs claims against the United States which are cognizable in this court, 28 U.S.C. § 2501 (1976). And since the last date on which plaintiff's claim could have accrued was during February 1975,[1] and plaintiff did not file its petition until June 26, 1978, defendant contends plaintiff's petition is barred by the statute of limitations.

Plaintiff asserts that its claim has been mischaracterized by defendant as one for transportation charges, rather than one for recovery of the excessive amount of the set-off taken by the defendant for the lost cargo. If its claim is properly viewed, plaintiff argues, it is manifest that Congress did not intend the special three-year statute of limitations which governs transportation charge disputes, 49 U.S.C. § 304a (1976), to apply to this type of claim. Thus, plaintiff contends its claim, for the excessive amount of the set-off taken by the defendant for the lost carton of freight, is governed by the regular six-year statute of limitations contained in 28 U.S.C. § 2501 (1976).[2] We agree with plaintiff.

The pertinent portions of 49 U.S.C. § 304a (1976) read:

§ 304a. *Actions for recovery of charges; limitation of actions; definition; effective date; actions by or against United States*

(1) All actions at law by common carriers by motor vehicle subject to this chapter for the recovery of their *charges,* or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after.

(2) For recovery of *reparations,* action at law shall be begun against common carriers by motor vehicle subject to this chapter within two years from the time the cause of action accrues, and not after, and for recovery of *overcharges,* action at law shall be begun against common carriers by motor vehicle subject to this part within three years from the time the cause of action accrues, and not after, subject to paragraph (3) of this section,

---

1. This was the position defendant originally took in its motion for summary judgment. Subsequently, in its reply brief, it altered its position to contending that plaintiff's cause of action accrued no later than August 7, 1972, when the unlost portion of the shipment (nine cartons) was delivered. This change in defendant's position apparently was made to counter plaintiff's argument in its response that if section 304a was deemed applicable, the period of limitations on the lost carton of freight had not even commenced to run for the carton had never been delivered and delivery is the event which triggers the statute. 49 U.S.C. § 304a(4) (1976).

2. The pertinent part of 28 U.S.C. § 2501 (1976) reads:

Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

\* \* \* \* \* \*

Plaintiff alternatively asserts that the six-year period of limitations contained in 31 U.S.C. § 71a (1976), governs this suit. Since the period of limitations contained in section 71a is the same as the regular period of limitations on suits in this court, we do not address plaintiff's alternative contention.

except that if claim for the *overcharge* has been presented in writing to the carrier within the three-year period of limitation said period shall be extended to include six months from the time notice in writing is given by the carrier to the claimant of disallowance of the claim, or any part or parts thereof, specified in the notice.

(3) If on or before expiration of the three-year period of limitation in paragraph (2) of this section a common carrier by motor vehicle subject to this chapter begins action under paragraph (1) of this section for recovery of *charges* in respect of the same transportation service, or, without beginning action, collects *charges* in respect of that service, said period of limitation shall be extended to include ninety days from the time such action is begun or such *charges* are collected by the carrier.

(4) The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after.

(5) The term *"reparations"* as used in this section means damages resulting from *charges* for transportation services to the extent that the Commission, upon complaint made as provided in section 316(e) of this title, finds them to have been unjust and unreasonable, or unjustly discriminatory or unduly preferential or unduly prejudicial.

(6) The term *"overcharges"* as used in this section shall be deemed to mean *charges* for transportation services in excess of those applicable thereto under the tariffs lawfully on file with the Commission.

\* \* \* \* \* \*

(8) The provisions of this section shall extend to and embrace all transportation of property or passengers for or on behalf of the United States in connection with any action brought before any court by or against carriers subject to this chapter: *Provided, however,* [emphasis in original] That with respect to such transportation of property or passengers for or on behalf of the United States, the periods of limitation herein provided shall be extended to include three years from the date of (A) payment of *charges* for the transportation involved, or (B) subsequent refund for *overpayment* of such *charges,* or (C), deduction made under section 66 of this title, whichever is later. [Emphasis supplied.]

From the words we have emphasized in the above statute, it is manifest that it is addressed, as plaintiff contends, to disputes over "charges," "overcharges," and "reparations" on shipments. The statute is silent as to other types of transportation disputes (*e. g.,* lost cargo disputes or damaged cargo disputes). Thus, from a reading of the plain words of the statute the Congressional intent behind the enactment of the statute appears to have been a desire to create a shorter period of limitations (three years) in which disputes over the transportation charges on shipments would be settled. A reading of the legislative history further supports this construction of the statute, H.R.Rep. No. 766, 81st Cong., 1st Sess. 1, *reprinted in* [1949] U.S.Code Cong. & Admin.News, p. 1429; S.Rep. No. 334, 85th Cong., 2d Sess. 4–5, *reprinted in* [1958] U.S. Code Cong. & Admin.News, pp. 3923, 3926–3927; H.R.Rep. No. 253, 89th Cong., 1st Sess. 12, *reprinted in* [1965] U.S.Code Cong. & Admin.News, pp. 2923, 2931, and defendant does not contend otherwise in this suit.

Defendant's contention herein is that what plaintiff is suing for is the transportation charges on freight shipments, for that is what the defendant exercised its right of set-off against. We cannot agree for to follow defendant's reasoning would lead to absurd results.

The dispute *sub judice* is over the proper value to be placed upon the lost carton of freight and, specifically, plaintiff is seeking to recover an amount of money equal to the excess amount of the set-off taken by defendant for the lost carton of freight. Neither party has placed in issue the propriety of any of the transportation charges plaintiff or Estes Express Lines collected for

transporting shipments. Therefore, we hold section 304a, by its very terms, does not apply to this case.

Indeed, for this court to adopt defendant's circular argument (that a plaintiff's suit contesting the legality of a governmental set-off is characterized by looking to the fund of money against which the set-off was exercised) would lead to an improper extension of section 304a's applicability. For example, if defendant satisfied a disputed tax deficiency of a carrier, like plaintiff, by set-off against transportation charges it otherwise owed to the carrier and the carrier then sought to recover the amount thus applied to its disputed tax liability in a tax refund suit in this court, under defendant's theory the carrier would be suing for transportation charges and not for a tax refund. As such the carrier's tax refund suit would be subject to the period of limitations contained in section 304a, despite the fact that the carrier has only two years from the date on which the refund claim is expressly disallowed or apparently the regular six-year period of limitations contained in 28 U.S.C. § 2501 (1976) when no express disallowance of the refund claim is issued (the six-year period of limitations would start six months after the date on which the refund claim was filed). *See* I.R.C. § 6532(a)(1). Clearly, Congress did not intend such a result when it enacted section 304a.

Defendant cites *Flying Tiger Line, Inc. v. United States,* 170 F.Supp. 422, 145 Ct.Cl. 1 (1959), in support of its position. We do not agree and, in fact, believe *Flying Tiger* lends support to the conclusion we have reached herein. The dispute in *Flying Tiger* was identical to the dispute in this case in that the plaintiff was contesting the legality of a set-off against transportation charges otherwise due which the Government had taken for lost cargo. *Flying Tiger* differs from the case *sub judice* in that the precise issue in *Flying Tiger* was wheth-er the Government had any presently valid legal right to assert a claim for the lost cargo which would sustain its set-off claim. The court held that the Government had no such right in *Flying Tiger* for the right to assert such a claim had been extinguished by lapse of the applicable period of time. In doing so the court pointed out the distinct and independent nature of a set-off claim:

> * * * A setoff or counterclaim is, in its nature and effect, like an independent action by the defendant against the plaintiff, and, as a general rule, a party cannot avail himself of a claim as a setoff or counterclaim unless it is a legally subsisting cause of action upon which he could maintain an independent action. 80 C.J.S. Setoff and Counterclaim §§ 1, 25 and 26. * * * [*Id.* 170 F.Supp. at 425, 145 Ct.Cl. at 7.]

We believe this lends support to our conclusion that, when the real issue in dispute is the legality of the Government's exercise of its power of set-off, that issue is an independent issue with its own applicable statute of limitations.

Finally, our conclusion is supported by the fact that 28 U.S.C. §§ 2501, 2415(a) (1976) and 49 U.S.C. § 304a (1976) provide similar periods of limitations for both plaintiffs and the Government. Section 2501 generally allows plaintiffs six years in which to bring their suit in this court. Section 2415(a) allows the Government six years in which to sue plaintiffs for damages founded upon contract.[3] And, since the Government has six years in which to sue carriers for damages due to lost cargo, it follows that the Government has at least six years in which to assert such a damage claim by way of set-off.[4] Likewise, section 304a provides a three-year period that is binding on both carriers and the Government in which transportation charge disputes must be settled or contested. However, if we were to adopt defendant's con-

---

**3.** Indeed, at oral argument defendant's counsel stated that the Government had six years in which to sue for the value of the lost carton of cargo in this case.

**4.** Whether the Government can validly assert a lost cargo damage claim by set-off more than six years after the cargo was lost, we need not consider at this time.

tention in this suit, the Government would have six years in which to assert a set-off for lost cargo. Yet the carrier would only have three years from the date the lost cargo was to have been delivered in which to sue the Government to contest the set-off. Clearly, this would put the carrier at a severe, and perhaps fatal, disadvantage in lost cargo disputes for the Government could win simply by waiting until three years had lapsed and then assert its set-off. We decline to adopt such an inequitable rule absent a clear Congressional expression to do so.

## CONCLUSION

For the foregoing reasons, we deny defendant's motion for summary judgment and return the case to the Trial Division for trial on the merits.