Carriers; freight charges; limitation of actions. — On June 20,1980 the court entered the following order:
Before Friedman, Chief Judge, Skelton, Senior Judge, and Kunzig, Judge.
Plaintiff, a motor common carrier which provided freight hauling services to defendant, seeks to recover $60,000 in alleged underpayments by the United States for those services. Defendant admits liability to the extent of $1,218.77 but has moved for partial summary judgment with respect to the balance of plaintiffs claims, asserting they are barred by the three-year statute of limitation in 49 U.S.C. § 304(a) (1976).[1] Plaintiff has filed an opposition to defendant’s motion and a cross-motion for summary judgment. For the reasons stated below, we grant defendant’s motion for partial summary judgment.
*704 Beginning in 1974 plaintiff transported numerous shipments for defendant to East Coast ports under Government bills of lading. All of the shipments were delivered to defendant between February 6, 1974, and December 5, 1975. Defendant was billed and paid plaintiff the bulk of the freight charges between May 13,1974, and February 11, 1976.
The rates charged by plaintiff and paid by defendant were reduced rates for Government freight established pursuant to Section 22 of the Interstate Commerce Act. 49 U.S.C. §22 (1976). Plaintiff, however, learned that the shipments it made were actually bound for Israel under the Foreign Military Sales (FMS) program. Hence, plaintiff contends that since the shipments were in fact not made for the benefit of the United States, plaintiff should be compensated at its regular or "MAC Tariff’ rates, not the reduced rates paid for Government shipments. A claim by plaintiff for the extra amounts was denied on the merits by the Comptroller General in March 1978. True Transport, Inc., Comp. Gen. Dec. B-190739 (March 30, 1978). Plaintiff filed its petition in this court on May 23,1979.
The fundamental difficulty with most of plaintiffs claims is that they are barred by the three-year statute of limitation in 49 U.S.C. § 304(a) (1976), which at all times relevant to this action provided in part:
§304a. Actions for recovery of charges; limitation of actions; definition; effective date; actions by or against United States.
(1) All actions at law by common carriers by motor vehicle subject to this chapter for the recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after.
* * >}• * *
(4) The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after.
* * sfc
(8) The provisions of this section shall extent to and embrace all transportation of property or passengers for *705 or on behalf of the United States in connection with any action brought before any court by or against carriers subject to this chapter: Provided, however, That with respect to such transportation of property or passengers for or on behalf of the United States the periods of limitation herein provided shall be extended to include three years from the date of (A) payment of charges for the transportation involved, or (B) subsequent refund for overpayment of such charges, or (C) deduction made under section 66 of this title, whichever is later.
Under 49 U.S.C. § 304(a)(8)(A) the three-year statute of limitation began to run as of the date of payment for the transportation involved. The last date of payment in question was no later than February 11, 1976. Plaintiffs petition was not filed until May 23, 1979, beyond the three-year period. The limitation period was not tolled by plaintiffs resort to the Comptroller General. See Air Express International Corp. v. United States, 194 Ct. Cl. 517, 439 F.2d 157 (1971). Plaintiff contends the normal six-year statute of limitation of 28 U.S.C. § 2501 (1976) applies to its action, but the cases upon which it relies to support its argument, Eastern Freight Ways v. United States, 257 F.2d 703 (2nd Cir. 1958) and Baggett Transportation Co. v. United States, 162 Ct. Cl. 570, 319 F.2d 864 (1963), involved shipments made before the three-year statute of limitation was enacted by Public Law 85-762, August 26, 1958, 72 Stat. 859. The cases are therefore not controlling in this case.
As mentioned, defendant concedes liability in the amount of $1,218.77 and plaintiff is entitled to judgment to this extent.
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, but without oral argument, that defendant’s motion for partial summary judgment is granted. Plaintiffs motion for summary judgment is denied except as to the amount conceded by defendant owing to plaintiff of $1,218.77. Judgment is awarded to plaintiff for one thousand two-hundred eighteen dollars, seventy-seven cents ($1,218.77).

 Public Law 95-473, October 17, 1978, 92 Stat. 1452, revised the Interstate Commerce Act and recodified Subtitle IV of Title 49 relating to transportation. The provision for limitations in actions by and against common carriers now appears at 49 U.S.C. 11706, but remains substantially unchanged. See 49 U.S.C.A. 11706(f) (Supp. III, 1979).