**Vincent SCOTT, Clarence Scott, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 92–791C.

United States Court of Federal Claims.

March 23, 1993.

Vincent Scott, Clarence Scott, pro se.

Karen I. Meyer, Washington, DC, with whom was Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen, and John M. Showalter, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which

relief can be granted. The court grants defendant's motion.

## FACTS

Plaintiffs Vincent and Clarence Scott, brothers, are shareholders in Blue Diamond Trucking Services, Inc. (Blue Diamond), a company located in and incorporated in the state of Georgia. The corporation, a motor vehicle common carrier subject to the jurisdiction of the Interstate Commerce Commission (ICC), was dissolved in 1989. Prior to that, Blue Diamond had provided transportation services to the United States Department of Army. Numerous shipments transported pursuant to Government Bills of Lading (GBLs) in 1987 are the subject of plaintiffs' claim for breach of contract. Specifically, plaintiffs claim that defendant has not paid to Blue Diamond amounts owed in excess of $2.8 million for deliveries which Blue Diamond made on behalf of defendant in 1987.

Plaintiffs claim that sometime after Blue Diamond performed this work for defendant, but prior to November 12, 1992 (and presumably prior to its 1989 dissolution), Blue Diamond assigned all of its assets to an entity called The Scott Family Trusts (TSFT). It appears that in 1987, Blue Diamond billed defendant for some of the work performed, and was paid small portions of these bills. It was TSFT that, in January and March 1992, billed defendant for the outstanding balances. TSFT purportedly assigned the instant claims to plaintiffs on November 12, 1992, in return for services rendered to TSFT.

## PROCEDURAL HISTORY

TSFT filed suit for breach of contract in this court on January 24, 1992. TSFT was represented by Vincent Scott, *pro se.* On August 27, 1992, the court dismissed TSFT's complaint because the court had earlier determined that TSFT was a legal entity which could not be represented *pro se* and Vincent Scott did not employ counsel admitted to the bar of this court.

On November 16, 1992, plaintiffs filed the instant claim, and are representing themselves. Plaintiff Vincent Scott sub-mitted a motion to be dismissed as a party to the suit on January 8, 1993. The court took the motion under advisement. On January 15, 1993, defendant filed its motion to dismiss. The court issued an order on February 9, 1993, stating that it would not rule on Vincent Scott's January 8, 1993 motion until it had resolved the jurisdictional issues at bar. In plaintiffs' opposition to defendant's motion to dismiss, filed on February 12, 1993, plaintiffs requested that the court grant them an extension of time in which to retain counsel, but on February 16, 1993, withdrew the request. On February 18, 1993, plaintiff Clarence Scott submitted a motion for partial summary judgment which was returned unfiled for correction of defects. Plaintiff Vincent Scott submitted a renewed motion to dismiss him as a party on February 23, 1993, notwithstanding the court's order of February 9, 1993. The court denied both the February 16 motion withdrawing the request for extension of time to obtain counsel, and the February 23 motion on March 1, 1993.

## DISCUSSION

Defendant challenged plaintiffs' claims on three grounds, arguing that (1) the court lacks jurisdiction because plaintiffs do not possess privity of contract with defendant; (2) plaintiffs have failed to comply with RCFC Appendix C; and (3) plaintiffs' claims are barred by the statute of limitations. Defendant also seeks the award of costs under RCFC 54(d). It is clear to the court from the pleadings that plaintiffs' claims are time barred, and as such, the court must dismiss the complaint pursuant to RCFC 12(b)(1).

In considering defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the court must accept as true any undisputed allegations of fact made by the non-moving party. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir. 1988). When disputed facts relevant to the issue of jurisdiction exist, the court may decide those questions of fact. *Id.; Hedman v. United States,* 15 Cl.Ct. 304, 306 (1988). When subject matter jurisdiction is

questioned, the non-moving party bears the burden of establishing the court's jurisdiction. *Reynolds*, 846 F.2d at 748. This, plaintiffs have not done.

### I. *Statute of Limitations*

█ It is clear to the court from plaintiffs' complaint that plaintiffs are suing on behalf of Blue Diamond, a common carrier subject to the jurisdiction of the ICC. As such, all of plaintiffs' claims are subject to 49 U.S.C. § 11706, entitled "Limitations on actions by and against common carriers." *See* 49 U.S.C.A. § 11706 (West 1992). Section 11706 provides:

(a) A common carrier providing transportation or service subject to the jurisdiction of the [ICC] ... or a freight forwarder must begin a civil action to recover charges for transportation or service provided by the carrier or freight forwarder within 3 years after the claim accrues.

. . . .

(f) This section [11706] applies to transportation for the United States Government. The time limitations under this section are extended, as related to transportation for or on behalf of the United States Government, for 3 years from the date of (1) payment of the rate for the transportation or service involved, . . . .

(g) A claim related to a shipment of property accrues under this section on delivery or tender of delivery by the carrier.

*Id.* It appears from the face of plaintiffs' complaint that each one of their specific claims for transportation charges accrued sometime in 1987, and thus is barred by the three year statute of limitations, either under section 11706(a) and (g), or section 11706(f).

Plaintiffs claim, in response, that the three year statute of limitations period applies only to administrative proceedings under 31 U.S.C. § 3726, and that their claims are subject to the six year statute of limitations period provided by 28 U.S.C. § 2501. Case law shows, unequivocally, that the three year limitations period in 49 U.S.C. § 11706 supersedes the six year limitations

period in 28 U.S.C. § 2501 in cases such as this. *See True Transp., Inc.*, 650 F.2d 288, 224 Ct.Cl. 703, 705 (1980), where the court granted defendant's motion for partial summary judgment on the ground that the three year statute of limitations period under 49 U.S.C. § 304a(8)(A) (1976) (amended and codified at 49 U.S.C. § 11706(f)(1)) controlled; *Bowman Transp., Inc. v. United States*, 597 F.2d 254, 220 Ct.Cl. 36 (1979); *Iran Nat'l Airlines Corp. v. United States*, 360 F.2d 640, 642 & n. 1, 175 Ct.Cl. 504 (1966). Thus, plaintiffs' claims are barred by the three year statute of limitations period contained in 49 U.S.C. § 11706, and plaintiffs may not avail themselves of the 28 U.S.C. § 2501 six year statute of limitations.

### II. *Invalid Assignment of Claims; Not Proper Party in Interest; Adequate Time to Retain Counsel*

Because the court lacks jurisdiction over plaintiffs' claims pursuant to RCFC 12(b)(1), it may not reach the additional grounds offered for dismissal. However, the court notes that even if plaintiffs' claims had been filed within the statute of limitations, plaintiffs have not effected valid assignments of claims under 31 U.S.C. § 3727 either as to Blue Diamond's assignment to TSFT, or TSFT's assignment to the Scott brothers. Therefore, plaintiffs are not the proper parties in interest; Blue Diamond is. The court cannot express strongly enough its dismay that plaintiffs continue to attempt to circumvent the rules of the court requiring that a corporation be represented by an attorney who is a member of this court's bar. *See* RCFC 81(a), (d)(8). The court has allowed plaintiffs more than adequate time in which to obtain qualified counsel.

Moreover, the court directs plaintiffs to take note that any further attempts to manipulate the court's rules may subject them to sanctions under RCFC 11. To this end, the court directs the Clerk of the court *not* to file any further pleadings, briefs, or other documents executed by either Vincent or Clarence Scott, TSFT, or Blue Diamond *pro se,* in the absence of a showing

of valid assignments of the claims to the Scott brothers (presumably), pursuant to 31 U.S.C. § 3727.

## CONCLUSION

For the reasons set forth above, the court dismisses plaintiffs' complaint for lack of subject matter jurisdiction under RCFC 12(b)(1). Plaintiff Vincent Scott's February 8, 1993, motion to dismiss him as a party is filed, and is moot. Plaintiffs' motion for extension of time in which to obtain counsel, filed February 12, 1993, and withdrawn on February 16, 1993, is moot. The Clerk of the court is directed to enter judgment in favor of defendant, and to award costs to defendant under RCFC 54(d).

IT IS SO ORDERED.