PER CURIAM.
Roberta B. appeals from a judgment of the General Services Board of Contract Appeals (“Board”) that affirmed a decision of the Central Intelligence Agency (“agency” or “CIA”) denying her request to waive a debt she owed to the agency as a result of her breach of a “Service Abroad Agreement.” In re Roberta B., 01-2 BCA ¶ 31,565, 2001 WL 893940 (G.S.B.C.A.2001) (“Roberta B. II”). Because the Board’s decision was not rendered pursuant to the Contract Disputes Act (“CDA”), depriving this court of jurisdiction under 28 U.S.C. § 1295(a)(10), we dismiss.
I
On July 26, 1996, Ms. Roberta B., an employee of the CIA, agreed to serve in a post outside the continental United States for twenty-four months. Ancillary to this overseas posting, Ms. B. entered into a Service Abroad Agreement with the agency. The agreement provided that if she terminated her assignment before twelve months had elapsed from the date of her arrival, she would be required to reimburse the Government for her travel and relocation expenses unless her early departure was “necessary for official reasons, or for personal reasons of significant interest to the Government,” in which case the agency had discretion to waive reimbursement of the expenses incurred. In the event, Ms. B. terminated her assignment approximately one month after arrival.
In August 1997, the Director of Human Resource Management at the CIA determined that Ms. B.’s departure was “not at the convenience of the Government” and that she had breached her service agreement and was responsible for her relocation expenses of $42,859. Ms. B. appealed this decision to the CIA’s Deputy Director of Administration (“DDA”), asking for a waiver of her obligation to repay the relocation expenses. The DDA sustained the previous determination in a series of memoranda through the rest of 1997 and 1998, and finally referred the matter to the agency’s Office of Finance and Logistics. That office held an oral hearing on August 19, 1999, and again affirmed the decision that Ms. B. owed the Government relocation expenses, now recalculated at $40,927.15.
Ms. B. then appealed to the Board. In response to the agency’s motion to dismiss for lack of jurisdiction, the Board made clear that it had been delegated authority to decide the appeal by the Administrator of General Services. In re Roberta B., 01-1 BCA ¶ 31,215, at 154,087, 2000 WL 1835358 (G.S.B.C.A.2000). Since the passage of the General Accounting Office Act of 1996, the authority to settle claims “for relocation expenses incident to transfers of official duty station” has been vested in the Administrator under 31 U.S.C. § 3702(a)(3). Id.; General Accounting Office Act of 1996, Pub.L. No. 104-316, § 202(n), 110 Stat. 3826, 3843-44 (1996) (codified in part at 31 U.S.C. § 3702). On August 3, 2001, the Board affirmed the Agency’s decision and denied Ms. B.’s claim. Roberta B. II, 01-2 BCA ¶ 31,565 at 155,871.
II
This Court’s jurisdiction over direct appeals from final decisions of agency boards of contract appeals is limited to those decisions rendered “pursuant to section 8(g)(1) of the Contract Disputes Act of 1978 (41 U.S.C. 607(g)(1)).” 28 U.S.C. *47 § 1295(a)(10) (2000); see G.E. Boggs & Assocs., Inc. v. Roskens, 969 F.2d 1023, 1026 (Fed.Cir.1992). Section 8(g)(1) of the Contract Disputes Act (“CDA”) provides that “[t]he decision of an agency board of contract appeals shall be final, except that-(A) a contractor may appeal such a decision to the United States Court of Appeals for the Federal Circuit within one hundred twenty days after the date of receipt of a copy of such decision.... ” 41 U.S.C. § 607(g)(1) (2000). Under the CDA, however, agency boards of contract appeals have jurisdiction only to decide “any appeal from a decision of a contracting officer ... relative to a contract made by any other agency when such agency or the Administrator has designated the agency board to decide the appeal.” Id. § 607(d). Thus the reference to “such a decision” in section 8(g)(1) refers only to the Board’s CDA jurisdiction over “appeals from a decision of a contracting officer ... relative to a contract.” Section 8(g)(1) does not separately grant this court jurisdiction over appeals from all final Board decisions, including those not made under the CDA, as Ms. B. contends. The effect of 28 U.S.C. § 1295(a)(10) and 41 U.S.C. § 607(g)(1) is to vest this court with jurisdiction over appeals from only a subset of Board decisions-those that are rendered pursuant to the CDA.
It is undisputed that the Board decision in this case was not rendered pursuant to the CDA, but rather under section 3702(a)(3). Both before the Board and this court, Ms. B. relied on the Board’s delegated authority under 31 U.S.C. § 3702(a)(3) to “settle claims involving expenses incurred by Federal civilian employees for official travel and transportation, and for relocation expenses incident to transfers of official duty station.” 31 U.S.C. § 3702(a)(3) (2000). Ms. B. argued to the Board that it had “full authority under 31 U.S.C. 3701, 3702 to consider this matter.” She stated in her brief to this court that “[t]he GSBCA derived its subject matter jurisdiction over Roberta B.’s travel and relocation expenses claims from the GAO Act of 1996.” At no point did Ms. B. contend that the Board had subject matter jurisdiction over her claim under the CDA. We thus conclude that the Board correctly determined that its jurisdiction over Ms. B.’s appeal derived from 31 U.S.C. § 3702(a)(3).
Furthermore, although the agreement to pay relocation expenses was in the form of a contract in this case, the CDA is inapplicable to that contract. In order to determine whether the CDA is applicable to a given contract, we must look to the CDA’s purpose and legislative history as well as its language. Institut Pasteur v. United States, 814 F.2d 624, 627 (Fed.Cir.1987). The CDA applies to all executive agency contracts for “(1) the procurement of property, other than real property in being; (2) the procurement of services; (3) the procurement of construction, alteration, repair, or maintenance of real property; or (4) the disposal of personal property.” 41 U.S.C. § 602(a) (2000). In Instituí Pasteur, we concluded that the CDA and its surrounding regulations reveal “an emphasis on a buyer-seller relationship and an expenditure of government funds.” 814 F.2d at 627. We held that a contract defining the terms of a research collaboration was not a contract for “procurement” and was not governed by the CDA. Id. at 628. Similarly, Ms. B.’s relocation contract was not a contract for “procurement of services.” Ms. B. was already within the CIA’s employ and had been for many years. Although the contract pertained to an expenditure of government funds, this expenditure was not a payment to Ms. B. nor even a requirement of the contract, which provided *48 only that “[a]llowable expenses will be determined in accordance with agency regulations” and “[i]f [Ms. B.] terminate^ her] permanent assignment ... before [she] completed] 12 month [sic] of creditable service ... [she] will be required to reimburse the government for all expenses it incurs in the travel and transportation to [her] post of [her, her] dependents, [her] household and personal effects.”
Because the Board acted pursuant to the authority delegated to it by the Administrator under 31 U.S.C. § 3702(a)(3) and not pursuant to the CDA, and because the CDA does not apply to the Service Abroad Agreement, Ms. B.’s case is not within that subset of Board cases over which we may exercise appellate jurisdiction under 28 U.S.C. § 1295(a)(10). We are thus constrained to dismiss her case.
Ill
Anticipating our jurisdictional determination, Ms. B. argues that if the CDA does not apply, she will not be constrained by that statute and will be able to bring a separate action in the United States Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491. If the Board’s decision had been pursuant to the CDA, Ms. B.’s decision to seek review there would have precluded her from filing a separate action in the Court of Federal Claims. TuttlefWhite Constructors, Inc. v. United States, 228 Ct.Cl. 354, 656 F.2d 644, 646 (1981); see 41 U.S.C. § 609(a)(1) (2000). Here, however, the Board derived its authority from 31 U.S.C. § 3702(a)(3), not from the CDA, so an action to recover the reimbursed relocation expenses in the Court of Federal Claims is not precluded, provided, of course, that all jurisdictional requirements for an action in that court are met.
IV
Because the Board’s authority over this matter derived from the General Accounting Office Act of 1996, rather than the Contract Disputes Act, and because the CDA does not apply to the Service Abroad Agreement, this appeal does not constitute an “appeal from a final decision of an agency board of contract appeals pursuant to section 8(g)(1) of the Contract Disputes Act of 1978 (41 U.S.C. 607(g)(1))” under 28 U.S.C. § 1295(a)(10). We therefore dismiss for lack of subject-matter jurisdiction.