(2) Croman's motion to vacate and remand for further proceedings is granted.

(3) Each side shall bear its own costs.

**John L. CORRIGAN, Appellant,**

v.

**Dennis DOLLAR, Chairman, National Credit Union Administration, Appellee.**

**John L. Corrigan, Appellant,**

v.

Dennis Dollar, Chairman, National Credit Union Administration, Appellee.

**John L. Corrigan, Appellant,**

v.

**Dennis Dollar, Chairman, National Credit Union Administration, Appellee.**

**Nos. 03–1200, 03–1511, 04–1150.**

United States Court of Appeals, Federal Circuit.

Feb. 2, 2004.

Before LOURIE, LINN and PROST, Circuit Judges.

## ORDER

LINN, Circuit Judge.

In 03–1200, National Credit Union Administration (NCUA) moves for leave to file "notice of intent to proceed" out of time, with notice attached. John L. Corrigan opposes. In 03–1511 Corrigan moves "to determine jurisdiction prior to filing brief." In 03–1200 and 03–1511, NCUA

moves to dismiss Corrigan's appeal for lack of jurisdiction. Corrigan opposes. NCUA replies. The court considers sua sponte whether 04–1150 should be dismissed for lack of jurisdiction.

Corrigan, an NCUA examiner, appeals from several General Services Board of Contract Appeals decisions: *In the Matter of John L. Corrigan*, GSBCA No. 15707–TRAV, 2002 WL 31027491 (September 6, 2002), *In the Matter of John L. Corrigan*, GSBCA No. 16096–TRAV, 2003 WL 21235299 (May 22, 2003), and *In the Matter of John L. Corrigan*, GSBCA No. 116170–TRAV, 2003 WL 22310423 (October 3, 2003). In all three decisions the Board denied Corrigan's various claims that NCUA had wrongfully refused reimbursement of certain travel expenses. The Board based its decisions exclusively upon case law and its review and interpretation of the Federal Travel Regulations (FTR), utilizing its authority under the General Accounting Office Act of 1996 (GAOA), 31 U.S.C. § 3702(a)(3).

This court's jurisdiction over direct appeals from final decisions of the Board is limited to those decisions rendered "pursuant to section 8(b)(1) of the Contract Disputes Act of 1978[CDA] 41 U.S.C. 607(g)(1)." 28 U.S.C. § 1295(a)(10); *see G.E. Boggs & Assocs., Inc. v. Roskens*, 969 F.2d 1023, 1026 (Fed.Cir.1992). Corrigan's relationship with his employer is not based in contract and employment manuals governing travel expenses do not constitute contracts within the meaning of the CDA. *Cf. Hamlet v. United States*, 63 F.3d 1097, 1101–02 (Fed.Cir.1995) (because civil service employees serve by appointment, agency employment manuals are not contracts).

The Board's decisions in these matter were not rendered pursuant to the CDA, but under the GAOA, which authorizes resolution of civilian employee federal travel claims. 31 U.S.C. § 3702(a)(3). If,

as here, the CDA does not apply, the court lacks jurisdiction to decide whether the Board erred in denying Corrigan's claims. *G.E. Boggs*, 969 F.2d at 1026.

Accordingly,

IT IS ORDERED THAT:

(1) NCUA's motion for leave to file a "notice of intent to proceed" out of time in 03–1200 is granted.

(2) Corrigan's motion to determine jurisdiction in 03–1511 is granted.

(3) NCUA's motions to dismiss 03–1200 and 03–1511 are granted.

(4) 04–1150 is dismissed.

(5) Each side shall bear its own costs.