NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHERIDAN TRANSPORTATION SYSTEMS, INC.,**
*Appellant*

**v.**

**GENERAL SERVICES ADMINISTRATION, ERIC K. FANNING, SECRETARY OF THE ARMY,**
*Appellees*

---

2015-1858

---

Appeal from the Civilian Board of Contract Appeals in No. 4071-RATE, Administrative Judge Stephen M. Daniels.

---

Decided: June 9, 2016

---

EARL E. CLOUD, Huntsville, AL, argued for appellant. Also represented by JOHN ELGIN MCCULLEY, John E. McCulley, P.C., Tuscaloosa, AL.

MARK E. PORADA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellees. Also represented by DEBORAH A. BYNUM, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

—————————————

Before DYK, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

This case involves a contract dispute between the government and Sheridan Transportation Systems, Inc., a private trucking company the government hired to transport emergency supplies to potential hurricane areas. As relevant here, Sheridan delivered supplies to the government in two trailers in September 2008. Not until July 6, 2012, however, did the government notify Sheridan that the trailers were available to be picked up. In May 2013, Sheridan submitted invoices for payment for that entire period based on the daily rate specified in a contract provision addressing "detention" for a period needed for the government to unload the trailers. Sheridan and the government have consistently treated the claims as filed under a provision of the Transportation Act, 31 U.S.C. § 3726. The government—both the agency contracting officer and a dispute-resolutions officer of the General Services Administration—rejected Sheridan's claims as untimely under § 3726(c)(2), which required this claim to be received by the government no more than 3 years after the claim accrued.

Sheridan appealed to the Civilian Board of Contract Appeals pursuant to 31 U.S.C. § 3726(i)(1) and a regulatory delegation to the Board by the Administrator of General Services, 41 C.F.R. § 102-118.490(a). *See* 31 U.S.C. § 3726(g) (authorizing such delegation). Before the Board, Sheridan presented no claim except the claim for payment of the contract "detention" rate, and Sheridan did not dispute that the claim was a Transportation Act claim subject to 31 U.S.C. § 3726. The Board held the claim to be untimely. J.A. 1–8.

Sheridan appealed to this court, invoking our jurisdiction under 28 U.S.C. § 1295(a)(10) to hear "an appeal from

a final decision of an agency board of contract appeals pursuant to" 41 U.S.C. § 7107(a)(1), a provision of the Contract Disputes Act. The government did not contest this court's jurisdiction until after briefing and argument. It has now done so. We agree that we lack jurisdiction.

Under an earlier codification of the Contract Disputes Act, we held that not all Board decisions, but only Board decisions on contract claims covered by the Contract Disputes Act, are within (what is now) section 7107(a)(1)'s reference to a "decision of an agency board." *See G.E. Boggs & Assocs. v. Roskens*, 969 F.2d 1023, 1026 (Fed. Cir. 1992); *see also Roberta B. v. Tenet*, 71 F. App'x 45, 46 (Fed. Cir. 2003); *Corrigan v. Dollar*, 89 F. App'x 238, 239 (Fed. Cir. 2003). At the same time, in *Inter-Coastal Xpress, Inc. v. United States*, 296 F.3d 1357, 1366–70 (Fed. Cir. 2002), we held that a claim for a payment specified in a transportation contract with the government like the one at issue here is covered by the Transportation Act and *not* by the Contract Disputes Act. *See also id.* at 1366 ("Congress intended to have the [Transportation Act] govern all actions seeking the payment of money for the charges owed on contracts for transportation services between common carriers and the government."). Those principles together mean that the Board's decision on the current claim for payment under the transportation contract at issue is not a decision within 41 U.S.C. § 7107(a)(1) subject to appeal to this court under 28 U.S.C. § 1295(a)(10).

A claim for a contract-specified payment under a transportation contract like this one can be pursued directly in court, subject to timeliness and other conditions. Thus, separately from permitting a claim for agency relief in 31 U.S.C. § 3726, the Transportation Act provides for a "civil action to recover charges" in a transportation contract, 49 U.S.C. § 14705(a), including against the federal government, § 14705(f). That action is not for review of the agency decision, but a direct action for

judicial relief. InterCoastal Xpress, after separately and unsuccessfully pursuing agency relief, filed such an action in the Court of Federal Claims, 296 F.3d at 1361–62—though it encountered a timeliness problem as to many of its claims, because the judicial remedy carries a three-year limitations period of its own, *id.* at 1366–67; *see* 49 U.S.C. § 14705(f). Sheridan, in contrast, did not file such an action.

Nor did Sheridan present to the board in this case a claim for general contract damages for breach of a government obligation to return the trailers. Whatever the reason—simplicity; the magnitude of the amount produced by multiplying the contract-specified daily rate by the three-plus years of government retention of the trailers; a much lower estimate of likely damages from breach in the circumstances—Sheridan presented only a claim for payment of contract-specified "detention" charges. That claim comes squarely within 31 U.S.C. § 3726 and *Inter-Coastal* and therefore is outside the Contract Disputes Act.

After *Inter-Coastal* was decided, the Contract Disputes Act was recodified and amended, but we see no basis in those changes for reaching a different result. Effective January 2007, Congress created the Civilian Board of Contract Appeals to consolidate some agency-specific boards, allowing the new board to be assigned functions that had been assigned to the predecessor boards. *See* 41 U.S.C. § 438 (in effect from January 2007 to January 2011); Pub. L. No. 109-163, § 847, 119 Stat. 3136, 3391–95 (2006); H.R. Rep. No. 109-360, at 762 (2005) (Conf. Rep.). Then, in 2011, Congress recodified the Contract Disputes Act, with the foregoing provision now appearing at 41 U.S.C. § 7105(b). Public Contracts Act of Jan. 4, 2011, Pub. L. No. 111-350, § 3, 124 Stat. 3677, 3821 (2011). Congress expressly declared its intent to restate, not significantly alter, existing law. *Id.* § 2(b),

124 Stat. at 3677 ("In the codification of laws by this Act, the intent is to conform to the understood policy, intent, and purpose of Congress in the original enactments, with such amendments and corrections as will remove ambiguities, contradictions, and other imperfections . . . ."); *see* H.R. Rep. 111-42, at 2 (2009) (same).

It was before those congressional actions that we had held our 28 U.S.C. § 1295(a)(10) jurisdiction limited to agency board decisions made on Contract Disputes Act claims and, in *Inter-Coastal*, recognized the parallel availability of the agency and judicial remedies for claims seeking payment under transportation contracts and held that the Transportation Act governs such claims to the exclusion of the Contract Disputes Act. We discern no alteration either of the *Inter-Coastal* holding that a claim like Sheridan's is outside the Contract Disputes Act, and covered only by the Transportation Act, or of the limitation of our appellate jurisdiction to those Board "decisions" which rule on claims covered by the Contract Disputes Act itself, excluding other decisions the Board may be assigned to make. For those reasons, we conclude that we lack jurisdiction over this appeal under the existing statutory regime and our precedent.

We also conclude that, unlike *G.E. Boggs*, this is not an appropriate case to transfer to the Court of Federal Claims. For such a transfer to be justified, not only would the Court of Federal Claims have to possess jurisdiction over the matter, but transfer would have to be in the interest of justice. 28 U.S.C. § 1631. Here, however, Sheridan has a timeliness problem even under its broad view of "detention" as covering the government's holding of the trailers until it gave Sheridan notice of their availability to be picked up.

That notice came in early July 2012, and both trailers were retrieved by July 13, 2012. J.A. 6. Under the statute governing transportation claims in the Court of Fed-

eral Claims, Sheridan's claim accrued "on delivery or tender of delivery by the carrier," 49 U.S.C. § 14705(g), and Sheridan has asserted that its claim accrued by the time it picked up the trailers (by July 13, 2012), Appellant's Br. at 15, 19, 20, 21–22. Sheridan initiated the present judicial proceeding by filing a petition for review on July 15, 2015. ECF No. 1. That is past the three years after accrual allowed by 49 U.S.C. § 14705(f).

When a case is transferred under 28 U.S.C. § 1631, the date of filing in the transferor court is used as the date of filing in the transferee court. *See* 28 U.S.C. § 1631 ("the [transferred] action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."). Thus, were we to transfer this case to the Court of Federal Claims, that court would proceed as if Sheridan had filed its petition on July 15, 2015, more than three years past the accrual date. We see no basis for equitable tolling of the three-year time limit of 49 U.S.C. § 14705(f), at least in this case. *Cf. John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136–39 (2008) (no equitable tolling of 28 U.S.C. § 2501); *Air Express Int'l Corp. v. United States*, 439 F.2d 157, 159 (Ct. Cl. 1971) (limitations period for Transportation Act lawsuit is not tolled by pursuit of agency relief); *Iran Nat'l Airlines Corp. v. United States*, 360 F.2d 640, 642 (Ct. Cl. 1966). In *Inter-Coastal*, we treated that time limit as jurisdictional. 269 F.3d at 1375. At a minimum, it does not seem to us to be in the interest of justice to transfer this matter, given all the facts, once we decide, as we have, that we lack jurisdiction to review the Board's decision.

The appeal is therefore dismissed.

No costs.

**DISMISSED**